## Quain's Appeal.

1. A ground-rent covenant does not survive against executors or administrators except as to the rents which accrued in the lifetime of the decedent; the rents which accrued subsequent to the death of the *covenantor* are not payable out of his personal estate.

2. Though this Court entertained serious doubts of the propriety of a decree of the Orphans' Court upon facts submitted in a report of an auditor, yet as it was not clear that a mistake was made the decree was not reversed.

APPEAL from the decree of the Orphans' Court of the *county of Philadelphia*.

Andrew M. Quain, the decedent, died in August, 1850, without issue, leaving a widow and two brothers, viz.: Margaret Quain the appellant, William S. and Robert M. Quain. Letters of administration were granted to the widow and *her* brothers, who filed their account thereof. The account was referred to an auditor to adjust, and make distribution of the balance. Before the auditor, a claim for $187.50 was presented on behalf of Charles Norris and others, trustees, for 30 months' arrears of ground-rent on a lot conveyed by the said trustees to the said Andrew M. Quain, of which but 12 months' rent was due and in arrear at the time of his decease. No judgment had been obtained for the same. In the ground-rent deed, Quain covenanted for himself, his heirs, executors, and administrators, to pay a ground-rent of $75 per annum, half-yearly on 1st January and July. At the time of his death, two half-yearly payments were due, and three other half-yearly payments became due before distribution was decreed. The claim was resisted by the widow, on the ground that it was no lien on the fund for distribution, which was derived exclusively from *personalty*, and that they should first resort to *the land* charged with it; and that, as it was resisted, the auditor could not take cognisance of it, the estate being *solvent*. The auditor disallowed the claim.

In making distribution the auditor awarded one-half of the balance to the widow, one-fourth to Robert M. Quain, one of the brothers, and the remaining fourth, which would have been the

[Quain's Appeal.]

share of William S. Quain, was claimed by him, and also by the widow. The widow claimed the share of William upon the ground that immediately after the decease of Andrew, William gave up to her all his right to any part of the estate, asking only a gun which had belonged to the decedent; which gun was taken by her and given to him. Witnesses were produced before the auditor upon the subject, and the auditor decided that the share had been relinquished by William, and given up to the widow, and he awarded it to her.

To the auditor's report in both these matters exceptions were filed by the respective parties, and were afterwards argued before the Orphans' Court; which Court reversed the decision of the auditor and decreed in favor of the Norris claim, and directed the *pro rata* share of William S. Quain in the estate to be paid to him.

From the decree Margaret Quain, the widow, appealed.

Exception was taken, 1st, To the decree in favor of the Norris claim for ground-rent; and 2d, To the decree in favor of William S. Quain.

*Hamilton*, for appellant.—As to the claim for ground-rent, it was contended that it is only in the case of *insolvent* estates that an auditor is authorized to decide upon disputed claims.

But it was further contended that by law the heir takes the land of the ancestor *cum onere:* 2 *Rawle* 223, McCoy *v.* Scott. Arrears of ground-rent are an encumbrance: 5 *Bin.* 553, Gordon *v.* Curry. Of the rent, $75 was in arrear at the death of Quain; the balance of $112.50 claimed, became payable afterwards. If this balance is to be paid out of the personal estate, the payment would, in a great measure, be adverse to the interest of the widow and in favor of the heir, and the lot was unproductive. If the lot had been subject to *a mortgage* the heirs could not have claimed to be relieved out of the personalty: 9 *Ser. & R.* 72, Keyzey's Case. It was said that the same principle was applicable to an estate subject to ground-rent; and although, generally, the personalty is the primary fund for the payment of debts, yet, in a case like this, equity requires that the *land* be first resorted to.

As to the second exception, it was said that the Court heard no additional testimony, but acted upon the notes of testimony reported by the auditor, and set aside that part of his report. The report of an auditor adjudicating upon facts, ought not to be set aside except for plain mistake, which it is incumbent on the exceptant to establish by affirmative evidence where it is not apparent in the report: 5 *Rawle* 323, Harland's Accounts; 7 *Harris* 221, Mengas' Appeal.

[Quain's Appeal.]

*G. M. Wharton,* for Norris.—It is not necessary that a claim submitted to an auditor should be sustained by a *judgment* for it: 13 *Ser. & R.* 299. The *solvency* of the estate was no proper reason for not paying the claim, but rather the contrary. The ground-rent was a *personal* debt of Quain, and also was a charge upon the lot, and the personal estate was the primary fund to pay the debt: Sec. 19 of Act of 16th June, 1836, and 35th sec. of Act of 24th February, 1834.

Where a lien on real estate is given as security for a debt, and the charge on the land is collateral to the claim, the creditor is not debarred from claiming out of the personal estate: 2 *Barr* 304, Shunk's Appeal; 5 *Harris* 416, Kittera's Estate; 10 *Harris* 441, Morris *v.* Olwine. As to the rent due in the lifetime of Quain, it was said that no question could properly be made in regard to such; and it was contended that the arrears accruing after his death, were payable also: 3 *Pa. Rep.* 265.

*Ludlow,* for the brothers of the decedent.—There was no *assignment* by William S. Quain to the widow; the evidence consisted of conversations which occurred between him and the widow, which it was said were of a character too general to effect a transfer of the claim. There was no sufficient consideration for a transfer, or evidence that the gun was accepted *in satisfaction* of the interest of William in the estate: 4 *Watts* 128.

The opinion of the Court was delivered by

LOWRIE, J.—In the distribution of the estate of Andrew M. Quain, deceased, the Orphans' Court allowed a claim for thirty months' ground-rent of a lot granted to the decedent on perpetual lease, and which, on his death, descended to his heirs. One year of this rent became due in his lifetime, and was properly charged. The question relating to that which accrued afterwards is not so plain.

We are of opinion that the principle of Torr's Estate, 2 *Rawle* 252, and also the principle of Callahan *v.* Dickinson, 19 *State R.* 227, exclude this part of the claim. Does a ground-rent covenant survive against executors and administrators? In its usual form it binds heirs, executors, administrators, and assigns: but still this may be satisfied, as to executors and administrators, if they pay the rent which accrued in the decedent's lifetime.

It is a perpetual covenant, and it is totally impracticable to require it to be performed by executors and administrators; for their office is not perpetual. If we retain the perpetuity of the covenant as against them, even with the restriction that they are to be liable only when the resort to the land is ineffectual, we still prevent all distribution of the estate in their hands; and, as all

[Quain's Appeal.]

the lands of the decedent are assets for the payment of debts, we constructively charge the rent of a single lot upon all his lands.

Nor will it do to hold them liable until the final settlement of the estate. If that suggestion means until all other matters are ready to be settled, then it takes away at once the character of perpetuity belonging to the covenant, and makes its duration, as against the personal estate, to depend upon the accident of the administrator's diligence, or of the involved or simple nature of the estate. If it means until the final settlement of the whole estate, then this perpetual covenant postpones it for ever. This cannot be; for the law intends the office of executor or administrator to terminate as soon as possible: it cannot be prolonged on account of perpetual covenants.

Such a prolongation, or such a liability, could not have been contemplated at the creation of the ground-rent. The grantor of the land cannot be presumed to have then placed any value on such a covenant; for the personal covenant of the original grantee is as nothing in a series of tenants lasting for ever. The real security is the covenant running with the land and encumbering it; and this is the essential reliance of the owner of the rent. It is an absolute obligation, as against the administrators, or it does not bind them at all. Suppose it absolute; then the duty must be fully performed by perpetual payment, or else it must be discharged by a satisfaction or commutation; and in this latter case the rent would be discharged and the heir released, a result which is certainly unintended. It is a covenant payable, in the contemplation of the parties, out of the profits of the land; and it would be entirely unreasonable that the law should hold the administrator for the rent when it gives the land to the heir.

As to the fact of the alleged transfer of W. S. Quain's share to the widow we have very serious doubts, but we do not see our way clear enough to reverse the decision of the Orphans' Court in this respect.

> DECREE.—This cause came on to be heard at the last December Term, on an appeal by Margaret Quain from the decree of the Orphans' Court of Philadelphia county, on the distribution of the estate of Andrew M. Quain, deceased, and was argued by counsel: And now, on full consideration thereof, it is ordered, adjudged, and decreed, that the decree of the said Orphans' Court be reversed, annulled, and held for nought, and this Court, now proceeding to make such decree in the said cause as the said Orphans' Court ought to have made, do order, adjudge, and decree, that the sum of seventy-five dollars be paid by the administrators of the said Andrew M. Quain, deceased, unto Charles

[Quain's Appeal.]

Norris, Samuel Norris, and Isaac Norris, trustees, in full for ground-rent due by the intestate at his death, and that out of the balance in the hands of the said administrators, being $790.23, shall first be paid the costs of this proceeding, and that then the remainder shall be distributed so that Margaret Quain, the intestate's widow, shall have one-half thereof, and that W. S. Quain and Robert M. Quain, his brothers, shall each have one-fourth thereof; and the cause is remanded to the said Orphans' Court in order that this decree may be carried into effect.