JAMES TRAYLOR, Respondent, *v.* SUSAN P. CABANNE, EXECUTRIX, Appellant.

December 9, 1879.

1. Where the testator entered and paid rent under a lease containing a covenant to pay rent, an action sounding in *assumpsit* will lie against the executor for rent accruing since the testator's death.

2. Where the lessee writes the lease (writing his own name in the third person as a party), records it, enters, and pays rent thereunder, this shows an intent to execute, and takes the case out of the Statute of Frauds without further signature.

3. Where a testator takes a lease, the contract binds the estate so long as there are assets; and in such a case, an action for rent of land lying in another State may be brought against an executor appointed in this State.

4. In an action for rent against an executor, as such, under a lease taken by the testator, the executor, having assets, cannot defend on the ground that the yearly value is less than the rent reserved.

5. In such an action it is not necessary that the whole demand should be due at the time of the trial.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

W. H. CLOPTON, for the appellant: This action cannot be maintained against the executrix. — Wag. Stats. 1352, sect. 7. There is no proof that the executrix ever took possession. — 2 Plat. on Leases, 368; Taylor's L. & T., sect. 461; *Nation* v. *Tozer*, 1 Cromp. M. & R. 172. The executrix cannot be bound for the rent not due at the commencement of the suit, in this form of action. The suit was premature as to rent not yet due. — *Turk* v. *Stahl*, 53 Mo. 437; *Rudder* v. *Price*, 1 H. Black. 547. The lease was not executed, and the contract was within

the Statute of Frauds. — *Vallé* v. *Kramer*, 4 Mo. App. 570. That the lessee went into possession under the lease, and paid rent, is not equivalent to signing. — Brown on Stat. Fr., sect. 355 ; *Catlett* v. *Catlett*, 55 Mo. 330. No action but *covenant* would support the recovery asked and had in this case, and covenant will not lie unless the instrument sued on be sealed. — *Maule* v. *Weaver*, 7 Pa. St. 329 ; *Hinsdale* v. *Humphrey*, 15 Conn. 431 ; *Trustees* v. *Spencer*, 7 Ohio, pt. 2, pp. 149–151. An executor appointed in one State has no power over property in another State. — Story on Confl., sect. 513 ; 2 Williams on Ex. 432, note *o*. Action for rent will not lie against an executor unless it be shown that he entered upon the premises. — *Nation* v. *Tozer*, 1 Cromp. M. & R. 172 ; 2 Plat. on Leases, 368 ; Taylor's L. & T., sect. 461.

JAMES M. DILL and O. B. GIVENS, for the respondent : The lease was sufficiently signed and executed to take it out of the Statute of Frauds. — *McConnell* v. *Brillhart*, 17 Ill. 354 ; *Barry* v. *Coombe*, 1 Pet. 640 ; *Sanderson* v. *Jackson*, 3 Esp. 181 ; *Knight* v. *Crockford*, 1 Esp. 190 ; 51 Mo. 150.

HAYDEN, J., delivered the opinion of the court.

This is a demand for rent of premises situated in Illinois, which the plaintiff leased in June, 1872, to L. D. Cabanné for ten years, at a rent of $100 per year. The lease was drawn but not subscribed by Cabanné, who, however, had it recorded, took possession of the premises, and paid rent for two years. He died in April, 1875, and in November, 1875, his executrix paid another year's rent, that had accrued in his lifetime, and gave notice to the plaintiff that the estate did not wish to occupy the premises, and would pay rent no longer. The court below found for the plaintiff in the sum of $324 rent then due, and interest, and $400 future rent, payable in instalments based on the terms of the lease.

There is no covenant to pay rent in the lease, nor is it a sealed instrument ; hence the defendant contends that

no action lies for rent, as such. As the executrix never entered or took possession, the action is founded, not on any entry of hers, but on the lease; under which, however, it is to be remembered, her testator entered and paid rent. If, then, the lease contains an agreément to pay rent, *assumpsit* will lie, and the executrix be liable to the extent of the assets of the testator. The lease provides that the lessor, for the consideration thereinafter named, demises, etc.; and it is then stated that the lease is to continue for a term of years from date, at a yearly rent of $100, to be paid on the first day of July of each year, until the expiration of the term. Covenant would not lie, but, even at common law, it would seem clear that *assumpsit* would lie for the annual rent. 9 Mass. 510; 15 Conn. 431; 5 Barn. & Cress. 589. Under the Practice Act, the present action, sounding in *assumpsit*, would be well brought.

The lease was fully executed, and *Vallé* v. *Kramer*, 4 Mo. App. 570, is not in point. Cabanné wrote the lease, and wrote his name in it as one of the parties, and did not sign it, as one of the witnesses testified, because he (Cabanné) said he did not consider it necessary for him to sign it. After the plaintiff and his wife affixed their marks, and the lease had been witnessed, Cabanné took it, put it upon record, entered, and during his life occupied the premises. Thus the intent to finally execute was shown, and this intent was regarded as fully accomplished by the parties. It is accordingly sufficient, so far as the Statute of Frauds is concerned, that the lessee's name, written by himself, appears in the first clause containing the usual description of the parties, in the third person. Such is the law of Illinois, where the contract was made, and the law as generally recognized. *McConnell* v. *Brillhart*, 17 Ill. 354; *Evans* v. *Ashley*, 8 Mo. 181; *Catlett* v. *Catlett*, 55 Mo. 330; *Barry* v. *Coombe*, 1 Pet. 650; *Penniman* v. *Hartshorn*, 13 Mass. 87; *Saunderson* v. *Jackson*, 3 Esp. 181; *Bluck* v. *Gompertz*, 7 Exch. 862.

It is urged that the plaintiff should have shown what the actual rental value was, and that the premises may be of little or no rental value. But the executrix is not here sued as in possession, or recovery sought *de bonis propriis*. She is sued as a representative, bound by her testator's contract. As was said in an early case, if a testator takes a demise worth only £10, the rent of which is £20, the contract binds the estate so long as it has assets. It is where the executor is sued as in possession, or, at least, as assignee of the term, that he may plead he is executor, without assets, and then plead that the premises are of less yearly value than the rent. Even then he must specially plead the defence, for the presumption is that the yearly value of the premises is greater than the rent, and hence that he receives from the land sufficient to pay the rent and more. But, being charged as assignee, and hence liable *de bonis propriis*, he may plead he is assignee only as executor, and that he has no assets; and as executor, or if he has entered, may plead that the yearly value is less than the rent, which shows he is not personally liable by reason of any excess due the estate, and that he is liable as executor only for the amount received. *Rubery* v. *Stevens*, 4 Barn. & Adol. 241; *Wallaston* v. *Hakewill*, 3 Man. & G. 297; *Kearsley* v. *Oxley*, 2 Hurl. & Colt. 896; *In re Galloway*, 21 Wend. 32. But in the case at bar the executrix is sued as such, and has assets.

That there are general assets of the estate also destroys the force of another objection made by the defendant, namely, that the action, being for rent of land lying in another State, which has become due since the death of the lessee, does not lie against an executrix appointed by a court of this State. The executrix here attempted to waive the term, so as not to be liable upon the promise of her testator to pay the annual rent; but this is what the law does not permit her to do, so long as she has assets.

*Helier* v. *Cusebort*, 1 Sid. 266 ; *Howse* v. *Webster*, Yelv. 103 ; 3 Williams on Ex. [1754].

A portion of the demand was here not due ; but under the provisions of our administration law, judgment may be rendered, as it was in this case, though the demand is not due at the time of the trial. Wag. Stats. 104, sect. 22. The judgment clearly distinguishes between the amounts presently and prospectively payable.

The judgment is affirmed. Judge BAKEWELL concurs ; Judge LEWIS did not sit.