A. J. CASSATT, Respondent, v. JOHN C. VOGEL, EXECUTOR. Appellant.

June 6, 1882.

1. A demand may be proved against an estate before it is due. The word "justly due," as used in the statute, refer to the validity of the claim, not to the time of its payment.

2. An unmatured note bearing interest, will, if they fail to agree to a rebate of interest, be allowed against the estate with interest, but with an order that it be not paid until its maturity.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

BROADHEAD, SLAYBACK & HAEUSSLER, for the appellant.

J. L. & F. P. BLAIR, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The plaintiff filed as a claim in the probate court against the estate of Rudolph Bircher, deceased, in the hands of

John C. Vogel, his executor, the following promissory note : —

" $20,000.                   St. Louis, Mo., January 8, 1878.

" Five years after date, without grace, I promise to pay to the order of Alexander J. Cassatt, $20,000, for value received, with interest from maturity at the rate of ten per cent per annum at the Boatman's Savings Bank, St. Louis.
                                        " R. Bircher."

The court allowed the claim for $20,000, and the administrator appealed to the circuit court. In that court an agreed statement of facts was filed, in which, after admitting all the other essential facts to entitle the plaintiff to have his claim allowed, the following admission was made : " Plaintiff admits that the note upon which this suit is founded is secured by a certain deed of trust made by said Bircher to the trustees of plaintiff, dated January 8, 1878, and recorded in the office of the recorder of deeds for the city of St. Louis, in book 586, page 48, a copy of which can be shown; that in October, 1881, defendant tendered to plaintiff, in lawful money of the United States, the full amount of the note upon which this suit is founded, with interest thereon up to January 8, 1882, which he refused to accept; that the real estate described in deed of trust is of value of $50,000." The circuit court rendered a judgment allowing the demand in favor of the claimant and against the estate for the sum of $20,000 ; ordering that it be placed in the sixth class ; that the allowance take effect from January 8, 1883 ; that it bear interest at the rate of ten per cent per annum from that date until paid ; and that the judgment be certified to the probate court.

The executor has appealed to this court. The complaint is, that the judgment of the circuit court does not allow any abatement of interest not yet due. The provisions of the statute governing this matter are as follows : —

" When the demand or set-off is not due at the time of

the trial, the court may adjust the same, and a judgment may be rendered thereon for the amount according to the finding of the jury or judgment of the court, or, at the option of the parties, by rebating therefrom at the rate of six per cent per annum from the time of trial until due.

"In case the parties do not agree to rebate the demand or set-off, as provided for in the preceding section, no execution shall issue upon any such judgment until the demand or set-off upon which the judgment was rendered shall become due and payable." Rev. Stats., sects. 205, 206. It seems clear that, under these provisions, no other judgment could have been rendered than the one rendered by the circuit court. The two sections must be read so as, if possible, to give effect to all their provisions. "When the demand or set-off is not due at the time of the trial, the court may adjust the same," — that is, the court may find what is really due, after giving the proper credits; but the court cannot, without the option of the parties, so adjust the same as to rebate interest; for this would destroy the effect of the concluding clause of the section, which provides that the court may adjust the same "*at the option of the parties*, by rebating therefrom at the rate of six per cent per annum from the time of the trial until due," which clearly implies that the court cannot, without the option of the parties, so adjust the demand as to rebate interest not yet due. Then, under the next section, "in case the parties do not agree to rebate the demand or set-off, as provided for in the preceding section, no execution shall issue upon any such judgment until the demand or set-off upon which the judgment was rendered shall become due and payable." In this case the parties did not agree to rebate the claimant's demands; and, therefore, the circuit court had nothing to do, under the terms of this section, but to allow the demand, but without ordering its payment until it should become due, namely, January 8, 1883.

The learned counsel for the executor agrees that the pro-

vision of this section, that no execution shall issue until the payment is due, can mean nothing, — he calls it a farce, — because there is another statute (sect. 2360), which provides in effect that no execution shall issue against the estate of a deceased person.   The counsel's conclusion does not follow at all.   Section 235 provides for the issuing of execution against an executor or administrator who fails to pay a claim which he has been ordered to pay by the probate court, and this is the execution referred to in section 206. Under this section no execution can issue in this case until the 8th of January, 1883 ; and if this results in an incongruity between the sections we have considered and section 210, which requires the executor or administrator to pay demands according to their classification, it is for the legislature, and not for us, to find the remedy.

It is also argued that, under section 195 of the Revised Statutes (with the terms of which the affidavit to the claim in this case complies), this claim could not properly have been allowed, because it was *not due.*   This section is as follows : " The court shall not allow any demand against any estate when the estate is indebted to said claimant, after allowing all just credits and offsets, unless the claimant first make oath in open court, or file an affidavit with such claim, stating to the best of his knowledge and belief, that he has given credit to the estate for all payments and offsets to which it is entitled, and that the balance claimed is justly due."   The words "justly due" do not necessarily mean justly due and presently payable ; they mean that it is a just indebtedness.   But it may be this, and yet it may be *debitum in præsenti, solvendum in futuro.*   The words "justly due," as there used, refer to the validity of the claim, not to the time of its payment.

The learned counsel for the executor argues the case upon general principles, and points out the inconvenience which may ensue from taking the view of the probate court and of the circuit court, — how the settlement of estates

may be delayed for long periods, in order to wait the maturity of demands not yet due. That is a question for the legislature, and not for us. The legislature has placed before us a statute, the terms of which are plain and unmistakable, and, whether it is wise or unwise, we must follow it.

The judgment is affirmed. All the judges concur.