FREDERICK E. SCHMIEDING, TRUSTEE OF META DOELLNER, Respondent, *v.* P. C. DOELLNER, EXECUTOR OF HENRY DOELLNER, Appellant.

**January 30, 1883.**

1. **RES ADJUDICATA.** — The validity of the bond sued on having been passed upon in a former suit between the same parties, is *res adjudicata*, and will not be reviewed on a second action.

2. **EVIDENCE — VALUATION OF ANNUITY — TABLES OF MORTALITY.** — Evidence of the present value of an annuity based upon calculations from the Northampton tables is competent. The statutory insurance tables are not required to be used in such a case.

3. **ANNUITY — PRACTICE.** — An annuitant whose claim is secured by bond and deed of trust, cannot be compelled to enforce his lien before proceeding against the general estate of his deceased obligor.

4. —— **ADMINISTRATION.** — In such a case the annuitant may prove the present value of his annuity, as a demand not yet due, against the estate of the deceased obligor.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

A. A. PAXSON and L. A. STEBER, for the appellant: Where some general principle of law has been manifestly decided incorrectly the first time, or injustice to the rights of the parties would be done by adhering to the first opinion, the same case may be open for re-examination. — *Chambers* v. *Smith*, 30 Mo. 156; *Boone* v. *Shackleford*,

66 Mo. 493. The annuity bond sued on is void, as against public policy. — 1 Bishop on Mar. & Div., sect. 631 ; 2 Bishop on Mar. & Div., sects. 335–337, 350, 351, 435, 536 ; *Speck* v. *Dausman*, 7 Mo. App. 165 ; *Belden* v. *Munger*, 5 Minn. 211 ; *Moon's Guard* v. *Baum*, 58 Ind. 194 ; *Muckenburg* v. *Holler*, 29 Ind. 139 ; *Daggett* v. *Daggett*, 5 Paige, 509. The principle of estoppel does not apply to an agreement which the law holds to be void as against public policy. The ratification of such a contract is as nugatory as the contract itself. — *Wheeler* v. *Wheeler*, 5 Lans. 355. The annuity is a contingent claim and will stop at the death of Meta Doellner ; besides, the statute of limitations would not commence to run against any instalment on the bond until said instalment became due. — *Chambers* v. *Smith*, 23 Mo. 174. The American experience tables should have been used instead of the Northampton tables. — Rev. Stats., sects. 5983, 5984, 5968. If the bond and deed of trust are valid (and in construing them they should be read together as one instrument), then the plaintiff should proceed under the trust deed and not resort to a general judgment against the estate of deceased.— Jones on Mort., sect. 1220 ; *Ball* v. *Wyeth*, 99 Mass. 338 ; *Kenmon* v. *Kelsey*, 10 Iowa, 443 ; *Wallingsford* v. *Wallingsford*, 6 Har. & J. 485 ; *Brownlee* v. *Arnold*, 60 Mo. 80 ; *Waples* v. *Jones*, 62 Mo. 440 ; Story's Eq., sect. 556a.

HUGO MUENCH and FINKELNBURG & RASSIEUR, for the respondent : The question as to the validity of the annuity bond sued on is *res adjudicata*. — *Garton* v. *Batts*, 73 Mo. 274. The Northampton tables are proper means of ascertaining the present value of a life interest. — *Graves* v. *Cochran*, 68 Mo. 77.

BAKEWELL, J., delivered the opinion of the court.

In January, 1865, Henry Doellner began proceedings against his wife Meta, the *cestui que trust* of the plaintiff, for divorce. After an interlocutory judgment in his favor,

a bond was executed between Henry Doellner and the plaintiff, by which Henry Doellner bound himself to pay to Meta, during her natural life, $325 per annum, in quarterly instalments. This was secured by a deed of trust on real estate of Henry Doellner, which provides that, in case of default, the trustee shall sell, and then invest the net proceeds, and out of the interest of the said sum, so far as it will go, pay to Meta her quarterly payments, and if the interest exceeds the amount required for this, add it to the principal. If the bond is discharged by the death of Mrs. Doellner the trustee is to reconvey to Doellner, or if he is dead, to his surviving children by Meta Doellner, or, if the property has been sold under the deed of trust, the trustee is to deliver the proceeds to the guardian of these children. Henry Doellner died in 1879, and this is a proceeding in the probate court to prove up against his estate, a demand in favor of Mrs. Doellner's trustee for the value of her annuity.

The cause, with another cause between the same parties for unpaid instalments of the annuity, was transferred to the circuit court because the probate judge had been of counsel. In the circuit court the two causes, by consent of the parties, were tried together. There was a verdict and judgment in the present cause for the plaintiff, for $2,223.31.

1. Evidence of the facts above recited was introduced, and as to the age of Mrs. Doellner, and that by the Northampton tables her annuity of $325 a year was worth $2,223.31. This was based upon her expectation of life at sixty-four. There was testimony that the Northampton tables are English tables, and that they are generally used for calculations of this sort in Missouri. The appellant objected to all testimony as to the value of the annuity based upon these tables ; and he now insists that it was error to admit any computation on any table of mortality except the table found in the insurance laws of the state. Rev. Stats., sect. 5968.

The law requires these American insurance tables to be

used in the valuation of policies and special examinations by the superintendent of the insurance department, and in calculating the value of paid-up policies where the law makes it obligatory to give such policies in this state. But we have no statute requiring the courts to use these tables in a proceeding such as that under consideration. It is admitted by counsel for the appellant, and it is notorious, that the Northampton tables are commonly used in assessing dower and in making similar calculations to be presented to our courts, and we see no error in admitting this testimony. It was open to appellant to show the value of the annuity by the insurance tables. But he did not offer to do so.

2. The appellant asked instructions to the effect that the bond was void as an agreement pending a divorce suit by the husband for the wife's support. This instruction was properly refused. The validity of this bond has been passed upon in an action between the parties to this suit, and is *res adjudicata* as to them. *Schmieding* v. *Doellner*, 10 Mo. App. 373. The question was considered by us in the case just cited, and is not open for reargument.

3. The only other point made by the appellant is, that the evidence shows no cause of action, for the reason that the claim appears not to have been due, and for the reason that the plaintiff has no right to come upon the personalty of the estate for the bond until he has exhausted his real estate security.

The statute provides (Rev. Stats., sect. 205), that, when a demand against an estate " is not due at the time of the trial, the court may adjust the same, and a judgment may be rendered thereon for the amount according to the finding of the jury or the judgment of the court." We have no doubt that this section of the statute was meant to apply to a case such as the one at bar. The deceased had agreed to pay plaintiff $325 a year during Mrs. Doellner's life. This was not due, and it could only be adjusted by ascer-

taining what was the present value of such an annuity. Of course Doellner, if alive, could not have been made to pay the present value of the annuity, but he contracted with a view to the possibility of his death, and the adjustment of the demands against his estate. We see no reason why there should be any departure, in a case like the present, from the general rule that the holder of real estate security cannot be compelled to enforce his lien before proceeding against the general estate of his debtor.

We think the judgment should be affirmed. It is so ordered. All the judges concur.