Kavanaugh v. Shaughnessy.

| 41 | 657 |
|----|-----|
| 42 | 244 |
| 41 | 657 |
| 58 | 489 |
| 41 | 657 |
| 96 | 2 91 |
| e172s1 | 34 |
| e172s1 | 37 |

ANN KAVANAUGH, Respondent, v. MARTIN SHAUGH-NESSY, Administrator of JOSEPH KEELY, Appellant.

St. Louis Court of Appeals, October 28, 1890.

1. **Practice, Appellate:** STARE DECISES: ALLOWANCE AGAINST ESTATE OF DECEDENT FOR NON-ACCRUED RENT. A ruling, which has presumably been followed for a considerable time, should not be disturbed, unless it not only is illogical, but also leads to unjust results. *Held*, accordingly, in view of the prior decision of *Traylor v. Cabanne*, 8 Mo. App. 131, that an allowance made against the estate of a decedent lessee for subsequently accruing rent, but having attached to it a proviso that the rent should be paid when due, should not be disturbed.

2. **Former Recovery:** WAIVER OF RIGHT OF OBJECTION. A debtor may waive his right to object to the splitting up of a single cause of action ; and if claims for certain monthly instalments of rent accruing under a lease are presented and allowed against the estate of a decedent, and the administrator insists that the claim for each month's rent should be proven as a separate demand, the administrator is not in a position thereafter to insist that the allowances thus made debar claims for subsequent instalments of rent not included in them.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*R. M. Nichols*, for appellant.

Undue and unearned rent is not a demand within the sense and meaning of the use of the term in Revised Statutes, 1889, section 203, allowing undue claims to be proved against a decedent's estate.   Rent is not *debitum in præsenti, solvendum in futuro ;* it is a mere contingency, so strongly incident to the reversion, that the law will not separate the one from the other ; it has all the contingencies of the reversion ; there is no obligation until the actual use of the property, which use forms the consideration for the promise to pay rent. *Deane v. Caldwell,* 127 Mass. 243 ; Wood on Land. & Ten., secs. 448, 450 ; Taylor on Land. & Ten., secs. 369, 382 ; *Bordman v. Osborn,* 23 Pick. 295 ; *Bowditch v. Raymond,* 146 Mass. 114 ; *Barclay v. Pickles,* 38 Mo. 143 ; *Bloodworth v. Stephens, Adm'r,* 51 Miss. 475 ; *Wood v. Johnson,* 30 Miss. 515 ; *Wilcoxon v. Donnelly,* 90 N. C. 247 ; *Savory v. Stockton,* 4 Cush. 607 ; *People v. Arguello,* 37 Cal. 224 ; Bouvier's Law Dic., defining "demand ;" *In re Estate of Swain,* 67 Cal. 637, defining "claim ;" *Fallon v. Butler,* 21 Cal. 25, defining "claim." (2) If undue and unearned rent constitutes a provable demand under the statute, a debt running to a certain maturity, respondent could not split up the amount, which deceased was obligated under the contract or lease to pay, into several causes of action, but should have presented the entire amount for "adjustment" and "judgment" in one action, and, not having done so, should be estopped by prior judgment rendered upon the same cause of action.   R. S. 1889, sec. 203 ; Woerner on Am. Law of Admin., sec. 393 ; *Pratt v. Lawson,* 128 Mass. 528 ; Freeman on Judg., sec. 240 ; Sutherland on Dam., p. 175, *et seq.; Grips v. Tallandie,* 4 McCord ( S. C.) 20 ; *Bendernagle v. Cox,* 19 Wend. 207 ; *Gastelberry v. Forquer,* 27 Ill. 170 ; *Burritt v. Belfry,* 47 Conn. 323 ; *Fish v. Folley,*

6 Hill. 55; *Taylor v. Heitz*, 87 Mo. 660; *Pfeffer v. Suss*, 73 Mo. 254.

*J. P. Vastine,* for respondent.

A demand may be proved against an estate before it is due. R. S. 1879, secs. 205, 206; *Cassatt v. Vogel*, 12 Mo. App. 323; s. c., 94 Mo. 646; *Steiglider v. Railroad*, 38 Mo. App. 511; *Laine v. Frances*, 15 Mo. App. 107. Where several claims payable at different times arise out of the same contract or transaction, separate actions may be brought as each liability accrues, but, if no action is brought until more than one are due, all that are due must be included in one action. *Corby, Adm'r, v. Taylor*, 35 Mo. 447

ROMBAUER, P. J.—The plaintiff, by written lease, let certain premises to Joseph Kelly for a term of years expiring August 1, 1891. Kelly went into possession, and during his lifetime paid the rent reserved. He died in 1887, and in July of that year the defendant qualified as his administrator, and immediately thereafter gave the statutory notice of his appointment. Thereafter the plaintiff exhibited sundry demands for rent, which had accrued under the lease, in the probate court for allowance against Kelly's estate, and had the same allowed and classified. The rent under the lease was payable in monthly instalments, and the defendant insisted that the claim for each month's rent should be proved as a separate demand.

On the twenty-eighth of October, 1889, more than two years having elapsed since the granting of letters, and four months' rent being then due, the plaintiff exhibited in the probate court a demand for all the rent then due and to become due under the terms of the lease, and obtained an allowance for $2,401.74, the rent, not due, to be paid when due. To this allowance the defendant objected on the ground that part of it was for

rent which was unearned, and that rent, which was not due, was in no sense a demand within the sections of our administration law hereinafter set out. The probate court, and the circuit court upon appeal, overruled this objection, and the defendant, appealing, assigns this ruling for error. The defendant also renews the further objection, which he made in the trial court, that the various allowances made in the probate court for rent, that had already accrued, were in the nature of a former recovery, and as such a bar to this proceeding.

The Revised Statutes of 1879, which were in .force at the commencement of this action, provided among other things :

Section 205 : When the demand or set-off is not. due at the time of trial, the court may adjust the same, and a judgment may be rendered thereon for the amount, according to the finding of the jury or judgment of the court, or, at the option of the parties, by rebating therefrom, at the rate of six per cent. per annum, from the . time of trial until due.

Section 206 : In case the parties do not agree to rebate the demand or set-off, as provided for in the preceding section, no execution shall issue upon any such judgment until the demand or set-off upon which the judgment was rendered shall become due and payable.

The defendant claims that the word *demand* in those sections does not and cannot include rent not due and unearned, as rent is in no sense a debt before the day on which it is covenanted to be paid. As GRAY, C. J., aptly says in *Deane v. Caldwell*, 127 Mass. 242, "it is neither *debitum* nor *solvendum ;* for, if the lessee is evicted before that day, it never becomes payable. * * * It is not an existing demand, the cause of action on which depends upon a contingency, but the very existence of the demand depends upon a contingency." If the case were one of first impression, we would. not hesitate to say that this objection is.

well taken. It seems to us that the statute, when speaking of demands, has reference to cases of absolute liability, which, although not due when presented, are running to a certain maturity, and not to cases where the existence of the future liability is contingent and uncertain. But this court at an early day in *Traylor v. Cabanne*, 8 Mo. App. 131, 135, took a different view of the law, and it is fairly presumable that courts exercising probate jurisdiction in this state have since that time followed that ruling, and it should not be disturbed, unless such ruling not only is logically incorrect, but also leads to unjust results.

Now, while we incline to the opinion that the interpretation of the word demand contended for by the defendant is the correct one, yet it is of no practical importance, which one of the two interpretations is adopted. The judgment in this case is that the recovery should not be enforceable, until the rent becomes actually due, and the rent cannot become actually due, until it is earned. Should the tenant, or those claiming under him, be evicted by holders of a paramount title prior to the expiration of the lease, or should the beneficial enjoyment of the estate by them cease by reason of causes absolving them from the further payment of rent under the covenants of the lease, the tenant or his representative could show that fact in resisting the enforcement of the judgment with the same effect, as if the judgment *pro tanto* had been paid. The reasoning of the court in *Barclay v. Pickles*, 38 Mo. 146, leads to the conclusion that the tenant would be at liberty to do this, and we see no technical difficulties in the way. Under these circumstances we do not feel at liberty to disturb a ruling acquiesced in by the court for many years, simply because we have serious doubts of its abstract logical accuracy. It is of importance to all citizens that the law should be stable and certain.

In re Estate of D. G. Tutt & Co.

. The second point contended for by appellant is without merit. The plea of former recovery in this class of cases rests on two propositions : *First.* That all matters which were proper subjects of adjudication in a former proceeding are presumed to have been adjudged therein, and, *next*, that no one can split up an entire demand into fractions, and proceed on each fraction as an independent demand, without the consent of his debtor. Now in this case it conclusively appears from the record that the plaintiff's claim for rent accruing after July 1, 1889, has never been adjudged in any former proceeding, and it further appears that the defendant himself insisted that the claims for monthly rent should be proved up separately, as they accrued. It has never been held that the debtor could not waive his right to resist the payment or enforcement of the claim against him in fractions; on the contrary the reverse of the proposition has been expressly decided in this state. *Fourth National Bank v. Noonan*, 88 Mo. 377. It will be thus seen that, independent of the propositions contended for by the plaintiff, the claim for each month's rent is at her option a separate demand, the plea of former recovery is not substantiated by the facts shown by the record.

All the judges concurring, the judgment is affirmed.