ELMS REALTY COMPANY, Appellant, v. JULIA WOOD, Executrix of Estate of WILLIS WOOD.

### Division One, December 2, 1920.

1. **FUTURE RENT: Lease for Years.** Future rent, not accrued or due under a lease for years, cannot be allowed by the probate court in favor of the lessor as a claim against the estate of the lessee, because the rent called for by such lease contract is contingent and may never become due.

2. **UNDUE DEMANDS: Future Rent: Present Value: Statute.** Section 210, Revised Statutes 1909, providing that "when the demand or setoff is not due at the time of the trial, the court may adjust the same, and a judgment may be rendered thereon for the amount," exclusive of interest on said demand "beyond the date of said judgment," contemplates a demand which, while not due, will surely become due and whose present amount or value can be determined, and not a contingent or possible demand which may never become due and whose present value there is no known or legal basis for adjusting or determining; it does not apply to future rent, not accrued or due under a lease for years, and will not authorize a judgment for future rent not due. The statute was not intended to cover contingent claims which may never become due, but, in speaking of "demands which are not due at the time of the trial," it has reference to cases of absolute liability, which, although not due when presented, are running to a certain maturity.

3. ———: ———: ———: ———: **Change in Statute.** The omission from Section 210 in 1889 of certain clauses previously contained therein and the adding of the proviso thereto, emphasize the purpose of the Legislature to include in said section only undue demands which can be adjusted to a definite and certain amount and for which a present judgment may be rendered, and make of no controlling effect certain decisions based on the words of said statute which were eliminated by the amendment of 1889.

4. ———: ———: **Sale of Leasehold.** By a lease for fourteen years decedent bound himself to pay a yearly rental of $30,000, payable in advance in monthly installments of $2500 each. The lease provided that it could not be assigned except to a named company, that such assignment would not relieve the lessee from liability for rent, and that it should be binding upon the lessee's assigns, heirs, executors and administrators, unless the leasehold were de-

stroyed by fire or rendered untenantable. At the time of the lessee's death the lease had twelve years to run, and thereafter, under an order of the probate court, his executrix sold the lease to said named company, and all rent had been paid monthly, as it matured, either by the lessee himself in his lifetime, or by his executrix prior to the assignment, or by the assignee thereafter, up to the time the probate court entered judgment for the lessor against the executrix "for future rents." *Held*, that the executrix, by entering into possession of the leasehold estate and selling it for a large consideration, as an asset of the estate, did not become presently liable for all future rents, but those things neither added to nor detracted from her liability for unaccrued rents; but as the lessee himself could not, were he living, have been sued for such future rents until they became due and remained unpaid, neither can she, unless there is some statute which authorizes a judgment against her, and there is none.

5. ——: ——: ——: **Remedy of Lessor.** It is not decided that the lessor has no remedy for the recovery of future rent, not accrued and due under a lease for years, if the installments are not paid as they severally become due and payable. It is not decided that the obligation of the lessee to pay rent ceased with his death, or that rents which may become due and remain unpaid before the final settlement of the lessee's executrix may not be proved up against his estate, or if there is such default after final settlement that the lessor could not have an administrator *de bonis non* appointed and his claim for such defaulted rent allowed, or that he could not proceed to collect such rent in default from persons who received the assets of the estate as distributees, to the extent of the assets they receive. But it is ruled that the lessor cannot have judgment against the lessee's executrix for undue future rents.

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn*, Judge.

AFFIRMED.

*Wm. G. Boatright, I. J. Ringolsky, M. L. Friedman* and *Ringolsky & Friedman* for appellant.

(1) In this State future rent is a valid claim for allowance against the estate of deceased when payment is deferred until the debt is mature. Sec. 210, R. S. 1909; Traylor v. Cabanne, 8 Mo. App. 131; Cassatt v. Vogel,

12 Mo. App. 323, 94 Mo. 646; Schmeiding v. Doellner, 13 Mo. App. 228; Kavanaugh v. Shaughnessy, 41 Mo. App. 657; Paving & Const. Co. v. Prather's Adm., 58 Mo. App. 487; Stevens v. Stevens, 172 Mo. 28. (2) When a lease has been appropriated by the estate of a decedent, the estate thereby becomes bound for all rents. Kelly's Probate Guide, sec. 188; 2 Schouler on Wills, Executors and Administrators (5 Ed.), 1376; Taylor, Landlord & Tenant (9 Ed.), sec. 620; Jones on Landlord & Tenant, sec. 477, p. 511; 18 Cyc. 312.

*Wash Adams* for respondent.

(1) The statute, R. S. 1909, sec. 210, authorizing probate courts to allow claims not due, requires the court (a) to "adjust" the claim and (b) "render judgment for the amount" exclusive of interest beyond the date of the judgment. (2) The statute authorizes the allowance only of claims not due when presented but which constitute absolute debts that run to certain maturity, and not contingent claims. Garesche v. Lewis, 93 Mo. 197; Tenny's Admr. v. Lasley's Admr., 80 Mo. 664; Taylor v. Priest, 21 Mo. App. 685; Wilbur v. Wilbur, 201 S. W. 387; Stevens v. Stevens, 172 Mo. 28. (3) Rent to accrue in the future is not a claim running to certain maturity, but is contingent and may never accrue. It is not even an existing demand, but is a possible demand depending upon contingencies. Dean v. Caldwell, 127 Mass. 242; Collier on Bankruptcy, 878-9; Roth v. Appel, 181 Fed. 667; 2 Woerner's Amer. Law Amr. (2 Ed.) sec. 393; Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185.

SMALL, C.—Appeal from the Circuit Court of Jackson County. This suit presents the question whether future rent not accrued nor due under a lease for years, may be adjusted and allowed in favor of the lessor by the probate court as a claim against the estate of the lessee.

The facts are undisputed. The plaintiff corpora-tion in 1911 owned a hotel at Excelsior Springs and leased it to Willis Wood by an instrument of writing for the term of fourteen years from August 1, 1912 to July 31, 1926, for a yearly rental of $30,000, payable in ad-vance in monthly installments of $2,500 each. Among other things, the lease provided that it was not subject to assignment and could not be sub-let without the written consent of the lessor, except to the Elm Tree Inn Com-pany, a Missouri corporation, but such assignment to said company should not relieve the lessee from lia-bility for rent, but he should continue to be liable for all rent and the faithful performance of all the agree-ments contained in the lease. It was also provided in the lease that, if the hotel was destroyed by fire or rend-ered untenantable, under certain circumstances, the lease was to be at an end, or rent cease until rebuilt or rendered tenantable. The lease also provided that it should be binding upon the parties, their successors, assigns, heirs, executors and administrators.

Said Willis Wood entered the leased premises under the lease, operated the hotel, and paid rent until his death, August 27, 1914. Shortly thereafter, his widow, Julia Wood, was duly appointed executrix of his will, took possession of and operated said hotel, and paid the rent under an order of the Probate Court of Jack-son County, where the administration was pending, until February, 1915, when, under an order of the pro-bate court of said county, she, as such executrix, sold and assigned said lease, together with certain hotel furnish-ings, to John Emmke, who owned practically all of the stock of the Elm Tree Inn Company, and to which as-signment the plaintiff consented. It was provided in said order authorizing such assignment, that the as-signment should not in any manner lessen or affect the liability of said estate on the lease made by the Elm Tree Inn Company to said Willis Wood. Under the terms of said assignment, said Emmke assumed all the ob-

ligations of the lessee, and agreed to pay the rent reserved by the lease from the time he took possession. Emmke took possession under said assignment, and thenceforth paid all the rent due thereafter up to the time of the trial in the circuit court.

The claim was filed in the Probate Court of Jackson County on October 27, 1914, and stated, in substance, that all of the rent due under the lease had been paid by Willis Wood up to the time of his death, and afterwards by defendant, executrix; but that $352,500 "was due because" said Willis Wood by the terms of said lease agreed for himself, his heirs, executors, administrators and assigns, to pay the rent for the full term of said lease, from August 1, 1912, until July 31, 1926, at the rate of $30,000 per annum, payable in advance on the first of each month in equal installments. Also, that the leased property was then occupied by the estate of said Willis Wood.

On the trial in the Probate Court on September 25th, 1917, plaintiff's claim was allowed for $265,000, "for future rent" due for the full term of said lease from October 1st, 1917, the rent up to said date having been paid. The language of the judgment of allowance is: "The court further finds that all rents up to October 1, 1917, have been paid in full; that there is now due to claimant payable in installments as per terms and conditions of said lease the sum of $265,000 . . . It is therefore ordered and adjudged that the claim of the Elms Realty Company of Excelsior Springs, Missouri, for $265,000 future rents in installments, as same mature, be and hereby is allowed, said rents being payable in installments of $2500 per month according to the terms and conditions of lease dated July 24, 1911, made and entered into by claimant and Willis Wood, deceased, which lease is of record in the Recorder of Deeds' office in Clay County, at Liberty, Missouri. And the executrix is hereby directed to pay said claim only in installments as said rents mature and according to the terms and conditions

of said lease to the extent of the assets and only upon condition said rents, or any part of same are not paid as the same mature by the Elm Tree Inn Company Corporation and John Emmke of Excelsior Springs, Missouri, as they agreed to do under order made herein authorizing sale and assignment of said lease."

From the order allowing such claim, the defendant, executrix, appealed to the circuit court. The above facts were submitted to that court in due course, with the further proof that all of the rents were paid up to the time of the trial in the circuit court, which court rendered judgment for the defendant.

Plaintiff duly appealed to this court.

I. The question before us requires the construction of the following section of our statutes relating to the allowance of demands by the probate court against estates of decedents, to-wit: Section 210, Revised Statutes 1909, which reads: "When the demand or set-off is not due at the time of trial, the court may adjust the same, and a judgment may be rendered thereon for the amount, according to the finding of the jury or judgment of the court; *Provided,* that said finding or judgment shall not include interest on such demand or set-off beyond the date of said judgment."

*Statute.*

Is future rent, not accrued nor due under a lease for years, such a demand as was contemplated by this section? We do not think so. The demand here contemplated is one which, while not due, will surely become due and the present amount or value of which can be determined, and not a contingent or simply possible demand which may never become due, and which there is no known or legal basis for adjusting or determining as equivalent to a certain amount due. The purpose of the statute was to convert demands not due into their present value and render judgment therefor so that such demands could be paid by the administrator and the administration closed.

The judgment rendered by the probate court in this case shows the impossibility of adjusting or rendering

judgment in any amount for future rent not due. Said judgment first finds that there is *"now due"* to claimant payable installments, according to the lease, $265,000. This is erroneous, because such future rent was not *"now due"* and may never become due. The judgment then proceeds to order that the claim of plaintiff for future rents "in installments" as same "mature" (which may never be) "be allowed," but said executrix is directed to pay said installments *only* as said rents *mature* and *according to the terms and conditions of the lease* and *only* upon condition that said rents are not paid as *same mature* by the Elm Tree Inn Company, and John Emmke, the assignee of the lease. Such a "judgment" was not provided for by said Section 210 of our statutes. The "judgment" rendered by the probate court shows no "adjustment" of any kind and is not a judgment "thereon for the amount" as required by said statute. The liability of the executrix thereunder remains as contingent, conditional and undetermined as under the original lease. The only effect of said judgment is to impound the estate without bond in the hands of the executrix and prevent any settlement of the estate until after the expiration of the lease. If this were the law, the estate of the lessee under a ninety-nine-year lease, for example, practically never could be settled, whereas the whole spirit and intent of our statutes relating to the settlement of estates is to expedite such settlements. The present statute contemplates such settlement within one year from the granting of letters of administration. We hold, therefore, that the allowance of the claim for future rent not due, made in this case by the probate court, was not authorized by said statute.

II. But, it is said, by appellant's learned counsel, that the law in this State has been established to the contrary. We are not of that opinion. It is true, that the St. Louis Court of Appeals in Traylor v. Cabanne, 8 Mo. App. 131, held, that a claim for such future unaccrued and undue rent could be allowed by the probate court. But in Kavanaugh v.

Stare Decisis.

Shaughnessy, 41 Mo. App. 657, the same court, in an opinion by ROMBAUER, J., elaborately considered the ruling in Traylor Case, and showed that it was not well, considered, was erroneous on principle, and unsupported by authority, but reluctantly followed it on the ground of *stare decisis*. Subsequently, this court, in the case of Stevens v. Stevens, 172 Mo. 28, refused to follow the Traylor Case, and held it misinterpreted the said statute, and that contingent claims, such as future rent not due, were not possible of adjustment and not allowable against a lessee's estate. Judge MARSHALL rendered the opinion of this court, and said, pages 33-37:

"Of course the claim against the estate of a deceased person must be presented within the time limited by statute, or it will be barred. Hence, if the claim is not due, the probate court must *adjust* it, as the statute now is (R. S. 1899, sec. 204) or as the statute of 1879 was, the court was required to adjust it, or, at the option of the parties, rebate it at the rate of six per cent per annum, or if the parties refused to accept the rebate, the court allowed the claim but stayed the execution until the debt became due.

"Woerner's American Law of Administration (2 Ed.), volume 2, section 393, speaking of allowing claims that have not matured against an estate, says: 'In accordance with the policy of speedy settlements of the estates of deceased persons, aimed at in most of the statutory provisions of the American States, most of them enable debts payable, according to the contract entered into by the deceased, at a future time, to be presented to the administrator and adjusted before their maturity.' The author points out that in thirty-three states, statutory provisions to this end have been adopted, and refers to Section 203, Revised Statutes of Missouri of 1889 (being Sec. 204, R. S. 1899) as the statute in this State on the subject.

"The author further says: 'To be proved and allowed as subsisting claims, they must constitute absolute debts running to certain maturity, such as prom-

issory notes, and the like.    In Missouri unaccrued rent under a covenant to pay rent is held to be a demand entitled to be proved against the lessee's estate as an unmatured claim; but elsewhere this is denied, unaccrued rent being held to be neither *debitum* nor *solvendum* —never payable if the lessee should be evicted before the day on which it is payable.    Reason and the trend of authorities seem clearly to support this view.'    [Ibid. sec. 393.]

"The case of Traylor v. Cabanne, 8 Mo. App. 131, is cited as the Missouri case holding that unaccrued rent could be proved against an estate.    That case does so hold, but there was no extended discussion or examination of the question indulged in.    The statute was simply referred to as covering the case.    The question arose again in Kavanaugh v. Shaughnessy, 41 Mo. App. 657, and the St. Louis Court of Appeals (which court had also decided the case of Traylor v. Cabanne) after referring to Sections 205 and 206, Revised Statutes 1879, said:

" 'The defendant claims that the word *demand* in those sections does not and can not include rent not due and unearned, as rent is in no sense a debt before the day on which it is covenanted to be paid.    As GRAY, C. J., aptly says in Deane v. Caldwell, 127 Mass. 242, "It is neither *debitum* nor *solvendum;* for, if the lessee is evicted before that day, it never becomes payable. . . . It is not an existing demand, the cause of action on which depends upon a contingency, but the very existence of the demands depends upon a contingency." If the case were one of first impression, we would not hesitate to say that this objection is well taken.    It seems to us that the statute, when speaking of demands, has reference to cases of absolute liability, which, although not due when presented, are running to a certain maturity, and not to cases where the existence of the future liability is contingent and uncertain.    But this court at an early day in Traylor v. Cabanne, 8 Mo. App.

131, 135, took a different view of the law, and it is fairly presumable that courts exercising probate jurisdiction in this State have since that time followed that ruling, and it should not be disturbed, unless such ruling not only is logically incorrect, but also leads to unjust results.'

"In Garesche v. Lewis, 15 Mo. App. 565, a demand for unpaid stock subscription in an insolvent corporation was presented for allowance. It was objected that the claim was barred because it was not presented within two years. The trial court entered judgment for the defendant, and this judgment was affirmed by the St. Louis Court of Appeals. That court, speaking of allowing claims not due, said:

"The mere fact that a demand is not due is not necessarily a sufficient excuse for its non-presentation against the estate, because the statute provides (R. S. 1879, secs. 205, 206) that when the demand is not due, the court may adjust the same, and render judgment for the amount, or, at the option of the parties, by rebating therefrom at the rate of six per cent, until due; if the parties do not agree to the rebate, then no execution shall issue upon the the judgment until the demand becomes due. It has been repeatedly decided that the special statute of limitation begins to run from the time the substantial right of recovery accrues. [Burton v. Rutherford, 49 Mo. 258; Greenabaum v. Elliott, 60 Mo. 32; Chambers v. Smith's Admr., 23 Mo. 174; Miller v. Woodward, 8 Mo. 169; Finney v. State, 9 Mo. 227.] And that it does not begin to run in the case of a dormant warranty, until a right to a substantial recovery accrues. [Chambers v. Smith's Admr., 23 Mo. 174; Miller v. Woodward, 8 Mo. 169.] But while such inchoate and merely contingent demands need not be exhibited until there is a substantial right of recovery, the statute seems to contemplate that all claims capable of being exhibited whether due or not, *if running to certain maturity,* shall be barred if not exhibited within the period limit-

ed by the administration law for their exhibition to the administrator.'

"This court adopted the opinion of the Court of Appeals, and affirmed its judgment. [Garesche v. Lewis, 93 Mo. 197.]

"Woerner's Law of Administration (2 Ed.), volume 2, section 394, speaking of contingent claims, says: 'Claims not absolute or certain, but depending upon some event after the debtor's death, which may or may not happen, are not enforcible against executors or administrators after they have fully administered, without notice that such claim has become absolute.' And in the note to this section, the learned author quotes from Poland, C. J., in Sargent v. Kimball, 37 Vt. 320, as follows: 'A contingent claim is where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there will ever be a liability.'

"Thus the distinction fully appears between contingent demands and demands 'running to certain maturity.' Stock subscriptions were held to belong to the latter class in Garesche v. Lewis, and unpaid rents under a covenant in a lease were held to belong to the same class in Traylor v. Cabanne, but afterwards this decision was utterly discredited in Kavanaugh v. Shaughnessy, and the judgment allowed to stand in that case partly on the principle of *stare decisis,* but partly, and it must have been principally, on the ground that: 'The judgment in this case is that the recovery shall not be enforcible, until the rent becomes actually due, and the rent can not become actually due, until it is earned,' the Court of Appeals, pointedly saying: 'It seems to us that the statute, when speaking of demands, has reference to cases of absolute liability, which although not due when presented, are running to a certain maturity, and not to cases where the furture liability is contingent and uncertain.'

"It is manifest that because the statute bars claims not exhibited against an estate within the period limited,

and because of the policy of speedily administering upon estates, there was a reason and necessity for the statutory provision allowing the probate court to adjust demands that are not yet due, but which will surely become due in regular course of time, but the statute was not intended to cover contingent claims which might never become debts.''

We approve the above pronouncements of this court and, therefore, disapprove said decisions of said appellate court.

Learned counsel for respondent also cite the following cases: Cassatt v. Vogel, 12 Mo. App. 323; Schmieding v. Doellner, 13 Mo. App. 228; Paving Co. v. Prather's Admr., 58 Mo. App. 487. Those cases all related to claims that were not due, but were sure to become due, or the present value or amount of which could be determined by well defined rules. They are, therefore, not applicable to this case. The Cassatt case was decided on the following provision which was then part of said Section 210, but which was repealed by the omission thereof from the Revision of 1889 and subsequent revisions, to-wit: ''or, at the option of the parties, by rebating therefrom at the rate of six per cent per annum from the time of trial,'' and upon Section 206, Revised Statutes 1879, likewise so repealed, which provided: ''In case the parties do not agree to rebate the demand or set off, as provided for in the preceding section, no execution shall issue upon any such judgment until the demand or setoff upon which the judgment was rendered shall become due and payable.'' The repeal of these provisions and adding Section 210 by the Revision of 1889, of the *proviso,* above set forth, now contained therein, emphasizes the purpose of the Legislature to include in said section only demands which can be ''adjusted,'' as and for a sum certain in amount, and for which a present judgment can be rendered.

III. But, it is strenuously insisted that, because defendant, executrix, entered and took possession of the

leasehold estate and disposed of it under an order of the probate court, as an asset, to Emmke for a large consideration, she became presently liable to judgment for all Sale of future rents under the lease, as such execu-Leasehold. trix, as was rendered by the probate court herein. The authority cited do not sustain the contention. It was defendant's duty, as such executrix, to take possession of the leasehold, if it was a valuable asset, and to dispose of it for the best interest of the estate. We cannot see how this added to or detracted from her liability as executrix for unaccrued rent on the lease—for rent before it becomes due and remains unpaid. The authorities and cases cited by appellant's learned counsel, as we read them, only go to the extent of holding the executrix or estate liable to a present judgment in such cases for rent for the time the executrix occupied the premises, or for rent *which was due and unpaid* under certain other circumstances. In none of them, did the question here presented arise. The contention of appellant in this case is, that the executrix is liable to a present judgment for rent which has not accrued and become due and unpaid, and may never accrue and become due and be unpaid. The lessee, himself, were he living, could not have been sued for such rent, until it did accrue and become due and remained unpaid. In order to have or maintain a cause of action against defendant, executrix, which could have had no existence against the decedent, had he been living, the plaintiff must point out some statute which authorizes it. Section 210, Revised Statutes 1909, above quoted, is the only statute pointed out, and, we hold, that said section is insufficient to sustain this proceeding.

We do not hold that the obligation of the decedent to pay rent under the lease ceased with his death, nor that rents, which may come due and remain unpaid before the final settlement of the executrix may not be proved up against the estate, nor do we even decide that if there is such default in payment of the rent after such

final settlement and discharge of the executrix, the plaintiff would be remediless, and could not have an administrator *de bonis non* appointed and its claim for such defaulted rent allowed, or could not proceed to collect such rent in default from persons who received the assets of the estate as distributees to the extent of the assets they may receive, or otherwise. On these questions, we express no opinion. We only rule, in this case, that the claim for future rent allowed by the probate court was properly disallowed by the circuit court. We affirm the judgment of the circuit court. *Brown* and *Ragland, CC.,* concur.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.