## IN RE ESTATE OF MAX WISHNICK.
## OLIVER RANDOLPH PARRY AND OTHERS, APPELLANTS.[1]

February 5, 1937.

No. 31,120.

*C. A. Johnson* and *Carl Peterson,* for appellants.
*Wilson & Wilson,* for respondents.

HOLT, JUSTICE.

The appellants appeal from the order of the district court affirming an order of the probate court denying their petition to extend the time for filing claims against the estate of Max Wishnick, deceased, and permitting them to file their claim.

The findings of fact are in short these: Appellants owned two lots in the city of Mankato which by written lease, dated October 8, 1929, they let to Max Wishnick for a term of 15 years from February 1, 1930, for the agreed rental of $16,200, payable at the rate

[1]Reported in 271 N. W. 244.

of $90 per month. Wishnick, the lessee, died November 27, 1933, testate, leaving a widow and seven children. On January 2, 1934, letters testamentary were issued to the widow and a brother of the deceased by the probate court of Blue Earth county, and on the same date the probate court made an order limiting the time within which all creditors might present claims against his estate to six months from January 2, 1934, and fixing July 3, 1934, at ten o'clock in the forenoon for hearing of the claims presented. Appellants had notice of the death. J. W. Schmitt of Mankato, now deceased, was the attorney for appellants and had also been the attorney for Max Wishnick and had prepared the lease. Schmitt also acted as attorney in probating the estate of Max Wishnick until March, 1935. Mr. Schmitt was the attorney for appellants until some time after July, 1935. The representatives, in January, 1934, talked with attorney Schmitt in regard to closing the estate and were informed that it was necessary in some manner to dispose of appellants' lease before that could be done. Negotiations between appellants and the representatives of the estate, through the medium of Mr. Schmitt, were had looking toward a new lease to Mrs. Wishnick. These negotiations came to naught, and in March, 1935, appellants filed their petition in the probate court to extend the time for filing their claim.

Appellants' assignments of error challenge several findings of fact as not supported by the evidence; but, without pointing out wherein any particular fact is unsupported, the argument in the brief groups the assignments of error under two heads, *viz.:* (a) Was good cause shown for the allowance of the petition, and (b) did the court abuse judicial discretion in failing to consider the petition?

After the time limited for filing claims against an estate in the probate court has expired all claims are barred. But the statute, 2 Mason Minn. St. 1927, § 8811, provides:

"For cause shown, and upon notice to the executor or administrator, the court, in its discretion, may receive, hear, and allow a claim when presented before the final settlement of the administrator's or executor's account, and within one year and six months after the time when notice of the order was given."

The appellants petitioned within time. The only question is whether such a cause for relief was presented that the court abused judicial discretion in refusing to receive and hear the claim. Appellants had a competent attorney in charge of their lease. They knew that the lessee was dead and that his estate was being probated. They also knew that the representatives of the estate were anxious to get rid of the lease; that the widow wished to enter a new lease with them, with some modification of the terms so that she could sublet without appellants' consent; that a party desired to lease part of one lot for an oil station. Negotiations were under way, but they were impeded by appellants' neglect promptly to answer the letters of their attorney, Mr. Schmitt. The appellants, as well as their attorney, knew that time was passing and that no claim could be heard unless filed within the time limited. The court finds that there was no agreement to withhold the filing of this claim. And the evidence is not such as to require a finding that Mrs. Wishnick and her coexecutor purposely negotiated with a view to induce appellants to forego filing their claim.

We think the court was justified in denying the petition on the ground that the claim is not an allowable claim in the probate court. The case of Oswald v. Pillsbury, 61 Minn. 520, 63 N. W. 1072, though one between co-lessees to enforce contribution, goes far to show that rent to accrue in the future under a lease for a term of years is not a proper claim to assert against the estate of the lessee. Some courts call it a contingent claim; others, while not so naming it, hold it not to be a proper claim because beyond probate jurisdiction. A lessee's leasehold for a term of years descends to his heirs or devisees subject to the administration of the estate. The covenants in a lease for a term of years are mutual. On the part of the lessor he covenants that the lessee shall have peaceable possession and use of the premises for the term, and, in consideration thereof, the lessee covenants to pay rent at stated times. If the right to use and possession terminates, so does the right to the rent. It is readily seen that if the lease had been of premises principally valuable for the buildings thereon,

then a destruction of the buildings, under statutory provisions, would terminate the right to rent thereafter. The following decisions from jurisdictions having statutory provisions for presenting claims against estates of deceased persons hold the claim asserted by appellants one which should not be presented for allowance in the probate court: Chicago T. & T. Co. v. Fine Arts Bldg. 288 Ill. 142, 123 N. E. 300; Deane v. Caldwell, 127 Mass. 242; Elms Realty Co. v. Wood, 285 Mo. 130, 225 S. W. 1002; Bowler v. Emery, 29 R. I. 310, 70 A. 7; Quain's Appeal, 22 Pa. 510; Williams' Appeal, 47 Pa. 283. In the three last named cases no particular statute with reference to filing claims against the estate of a deceased in probate court was invoked. It seems to us that rent to accrue in the future under a lease for a term of years having this clause: "It is mutually agreed that all the covenants, terms and conditions of this lease shall extend, apply to, and firmly bind the heirs, executors, administrators and assigns of the respective parties hereto as fully as the respective parties are themselves bound," is not a proper claim to assert against the estate of a deceased lessee. In the claim sought to be filed was no past due rent or delinquent taxes.

The order is affirmed.