CASSATT v. VOGEL, *Executor, Appellant.*

Administration : ALLOWANCE OF NOTE NOT DUE : INTEREST : REBATE : STATUTE. Under Revised Statutes, sections 205 and 206, when a note not due and bearing no interest until after maturity, is presented in the probate court for allowance against an estate, and the parties do not agree to a rebate, the court can allow and classify the demand with interest after maturity, but with an order that no execution issue until after the maturity of the note.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Broadhead & Haeussler* for appellant.

(1) When a demand not yet due is presented (like the one at bar), it is the duty of the court, under section 205, to adjust the same—that is, to regulate, arrange, and put same in order, so that demand can be paid at once when allowed. (2) No judgment of allowance can be made on a demand when payment is tendered, and where both parties fail, under section 205, to agree to rebate, it is the duty of the court to rebate to a cash basis. (3) No demand, under section 195, can be allowed against an estate, except when balance claimed is justly due at time of allowance, or is adjusted so as to make it justly due under sections 205 and 206. (4) The

court had and has no power to render judgment to take effect at a future day.

*J. L. & F. P. Blair* for respondent.

(1) When a demand not yet due is presented to the probate court for allowance, it is the duty of the court to adjust it, not, as appellant says, so that it can be paid at once, but so that it can be paid when due. R. S., sec. 205. (2) It is true that the court can make no allowance of a demand where payment is tendered, but the full amount of the obligation must be tendered, or else there is no legal tender of payment. When the parties do not agree to rebate interest, the court is absolutely prohibited from doing anything except to allow the claim, as proved, to take effect as a judgment when it matures. R. S., secs. 205-6. (3) The words, "justly due," prescribed by the statute for use in claimant's affidavit, refer solely to the validity of the indebtedness and have no reference whatever to the time of payment. R. S., sec. 195. (4) The court had power to render judgment, in this case, to take effect at a future day, to-wit: the maturity of the note. R. S., secs. 205-6.

NORTON, C. J.—In June, 1881, plaintiff presented to the probate court of the city of St. Louis a demand for allowance against the estate of Rudolph Bircher, of which estate defendant, Vogel, was executor. The demand was founded on a note executed by said Bircher for twenty thousand dollars, dated January 8, 1878, payable five years after date, with ten per cent. interest after maturity. The payment of the note was secured by deed of trust on property said to be worth fifty thousand dollars. The probate court allowed the demand for twenty thousand dollars, and assigned the same to the sixth class of demands, and ordered that said allowance should take effect from January 8, 1883,

and from that date bear interest at ten per cent.   From this judgment an appeal was taken to the circuit court, when the same judgment was rendered as was rendered by the probate court.   An appeal from this judgment was prosecuted to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, and from this judgment of affirmance defendant has prosecuted his appeal to this court.

The opinion of the court of appeals is reported in 12 Mo. App. 323, in which sections 205 and 206, Revised Statutes, are construed as meaning that, when a note not due and bearing no interest till after maturity is presented for allowance as a demand against an estate, and the parties do not agree to a rebate, the probate court can allow and classify the demand, with interest after maturity, but with an order that no execution be issued till after the maturity of the note.   We are satisfied with the correctness of the construction put upon the above sections of the statute and the reasoning leading to it, and hereby affirm the judgment, in which all concur, except Ray, J., absent.