STEPHENS, *Receiver*, v. BERNAYS, *Executrix, Appellant.*

### Division One, December 23, 1893.

1. **Probate Court:** CLASSIFICATION OF JUDGMENT: NOTICE. The ten days' notice required by Revised Statutes, 1881, section 196, of presentation in the probate court of demands against an estate, does not apply to the classification of a judgment of a court of record authorized by section 190.

2. ———: ———: ———: WAIVER. Objection because of such want of notice is waived by appearance in the circuit court after appeal thereto and submission to its jurisdiction by a trial on the merits.

3. ———: DEMANDS: ORDINARY JUDGMENTS: COURTS OF RECORD. Section 190 of Revised Statutes of 1889, which provides that any person having a demand against an estate may establish the same by the judgment or decree "of some court of record" in the ordinary course of proceeding and exhibit the same to the probate court, does not limit jurisdiction of such demands to the courts of this state.

4. **National Bank:** RECEIVER: UNITED STATES DISTRICT COURT: JURISDICTION. A suit brought by a receiver winding up a national bank against the executrix of an estate, to enforce a stockholder's liability is a suit at common law and the United States district courts have jurisdiction thereof under the Revised Statutes of United States (section 563, subdivision 4).

5. **United States District Court:** JUDGMENT: CERTIFICATE. The certificate authenticating a judgment of the United States district court as presented to the probate court for classification *held*, sufficient, so far as it appears from the abstract of record.

6. **Probate Court:** APPEAL. An appeal from a judgment of the probate court to the circuit court may be taken at any time during the term at which the decision complained of is made. (Revised Statutes, 1889, sec. 286).

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

(1) The transcript of the judgment was not certified to by the judge of the federal court as expressly required. Revised Statutes, 1889, sec. 4881. (2) The United States district court was without jurisdiction. Revised Statutes, U. S., 1878, sec. 563; *Railroad v. Gomila*, 132 U. S. 484; *Du Vivier v. Hopkins*, 116 Mass. 125; *Pearce v. Calhoun*, 59 Mo. 271; *Works v. College*, 17 Wall. 521; Woerner Am. Law Adm., p. 341. (3) The state probate court was in charge and had jurisdiction of the estate at the time the suit was brought in the federal court and being the first to obtain jurisdiction and possession of the estate the court should not have taken jurisdiction of the suit against the estate. *Railroad v. Gomila*, 132 U. S. 485; *Watson v. Garvin*, 54 Mo. 383; *Ellis v. Davis*, 109 U. S. 498; *Union Co. v. Railroad*, 6 Bissell, 197; 1 Abbott U. S. Prac. [3 Ed.], side 222, 223; *Du Vivier v. Hopkins*, 116 Mass. 125. (4) The state probate and circuit courts have *exclusive jurisdiction* to allow claims against the estate of a deceased person. *Railroad v. Gomila*, 132 U. S. 485; *Bauer v. Gray*, 18 Mo. App. 174, citing eight decisions of the supreme court of Missouri; *Richardson v. Palmer*, 24 Mo. App. 487. (5.) The judgment of the district court is an absolute nullity. *Rentschler v. Jamison*, 6 Mo. App. 135. (6) In this suit, on a judgment of a court not a court of record of this state, the whole record of the suit in the district court should have been embraced in the notice to the executrix. *Crone v. Dawson*, 19 Mo. App. 214; Greenleaf on Evidence, sec. 511. (7) The judgment is not a judgment of a court of this state, but of the federal court, therefore, not of a court domestic to this state, so that ten days' notice of exhibition and presentation for allowance were required, which was not given to the executrix. Revised Stat-

utes, 1889, sec. 196.   Such judgment is like that of a sister state.   Story Conf. Laws [8 Ed.], 831; *Tarbell, v. Griggs*, 3 Paige, Ch. 207; *Davis v. Bruns*, 23 Hun. 648; *Tompkins v. Purcell*, 12 Hun, 662; *McCartney v. Bostwick*, 32 N. Y. 53; Freeman on Judgments, sec. 578; *Embrey v. Palmer*, 107 U. S. 3; *McCauly v. Hargroves*, 48 Ga.   (8) It is of no higher dignity than a simple contract debt and requires the same formal notice and exhibition for allowance and classification as if the demand was based on a simple contract.   *McElmoyle v. Cohen*, 13 Peters' (U. S.), 325 (approved 127 U. S. 293, and cited 20 Mo. 316); *Harness v. Green's Adm'r*, 20 Mo. 316; *Gainey v. Sexton's Adm'r*, 29 Mo. 449; *Crim v. Walker*, 79 Mo. 335; Woerner, Am. Law Adm., pp. 776, 777; Revised Statutes, 1889, sec. 4881. The statute providing for classification of judgments, as judgments, applies to judgments of the state courts of this state only.   *Harness v. Green's Adm'r*, 20 Mo. 316; *Gainey v. Sexton's Adm'r*, 29 Mo. 449; Woerner, p. 776.   (9) There was no legal *exhibition* of the claim. Two things are essential: an exhibition of the demand to the executrix and a notice of presentation to the probate court for allowance.   This rule applies to judgments obtained in life time.   2 Woerner, Am. Law Adm., pp. 825, 826; *Spaulding v. Suss*, 4 Mo. App. 541. There was no legal exhibition of the demand, because the whole record of the federal court was not exhibited to the executrix with the notice.   *Crone v. Dawson*, 19 Mo. App. 214; Greenleaf on Evidence, sec. 511.

MACFARLANE, J.—This is a claim filed by the receiver of the Fifth National Bank of the city of St. Louis, in the probate court of the city of St. Louis, against the estate of George J. Bernays, deceased, for classification.   The claim consists of a transcript of a judgment, of the district court of the United States

for the eastern district of Missouri, in favor of plaintiff as such receiver against the defendant as executrix of said estate, on an assessment of thirty-five shares of the stock of said bank which was owned by said deceased at the time of its failure, in November 1887. The judgment was for $3,647.58, and directs that the same be certified to the probate court of the city of St. Louis for classification. Notice was served on the executrix nine days before the presentation of the claim for classification.

Defendant filed a motion in the probate court, appearing only for that purpose, to dismiss the cause on the ground that ten days' notice had not been given. This motion was sustained and during that term of court, but more than ten days after the judgment dismissing the case, plaintiff appealed.

I. The allowance and classification of the judgment as a demand against the estate of George J. Bernays, deceased, was resisted in the first instance, on the ground that ten days' previous notice that the same would be presented to the probate court for allowance had not been given the executrix. It was admited that only nine days' notice was in fact given but, we take it, that, whatever merit may have been in the point in the probate court where only a special appearance was made, it was waived by a general appearance of the executrix in the circuit court and a submission to its jurisdiction by a trial of the case on its merits. Moreover, if this demand was established by the judgment of "a court of record" within the meaning of section 190, Revised Statutes, no such notice was required. The notice required by section 196 does not apply to the presentation to the probate court of a judgment for classification. The demand in that case is established by the judgment. When a person desires to establish a demand against an estate in the probate court, ten

days' notice of his intention to do so must be given, The notice takes the place of a summons in another court of record. The service of a summons in another cort of record takes the place of the notice otherwise required. *Wernse v. McPike,* 100 Mo. 480, and cases cited.

II. It is further insisted that the United States district court did not have jurisdiction of the subject-matter of the suit and the judgment was therefore void and was improperly classified without having first been legally established. The contention on this proposition is, that the probate court. and the circuit, and other courts of record, under the 'law of the state, having cognizance of the subject-matter of such actions, alone have jurisdiction to establish claims against the estate of deceased persons.

The statute provides that "any person having a demand against an estate may establish the same by the judgment or decree of some court of record in the ordinary course of proceedings." Revised Statutes, section 190. The judgment rendered is not to be enforced by execution from the court in which it is rendered. It merely becomes an established demand which should be classified when a transcript thereof is exhibited to the probate court. The jurisdiction of probate courts to administer the estate is not in the least interfered with.

The statute does not limit the courts of record, which are given jurisdiction to establish demands, to courts exercising their functions under the laws of the state, but any "court of record" having jurisdiction of' the matter involved and of the parties to the suit are included within its broad terms. *Madison County Bank v. Suman,* 79 Mo. 528.

III. A plea to the jurisdiction was made to the action in the district court which was overruled by

District Judge THAYER. In delivering his opinion he said: "It has several times been held, after mature consideration, that a receiver appointed by the comptroller of the currency to wind up the affairs of an insolvent national bank is an officer of the United States, and that a suit of this character, brought by such receiver to enforce the liability of a stockholder in a national bank, is a suit at common law, and hence that the United States district courts have jurisdiction of such suits, by virtue of subdivision four, of section 563, Revised Statutes, United States, which gives the district court jurisdiction of all suits at common law brought by the United States or by any officer thereof authorized by law to sue." *Stephens v. Bernays*, 41 Fed. Rep. 401, and cases cited. The case was appealed to the circuit court, where the decision of Judge THAYER was affirmed by an opinion by Circuit Judge CALDWELL with the concurrence of Justice MILLER. 44 Fed. Rep. 642. The question of the jurisdiction of the district court to hear and determine suits of the character of this one, and of this suit, must be taken as settled by these decisions.

IV. Counsel has discussed at length the question whether the judgment of the district court is to be regarded as domestic or foreign. This was with a view of showing that the transcript of the judgment was not properly authenticated. The certificate authenticating the judgment, so far as we are informed by the abstract of record, is such as is required by the law of the United States in certifying the record of the courts of record of another state. An entire transcript of the record and proceedings of both the district and circuit courts were exhibited and so far as appears all were in due form. The records of the circuit court were properly certified by clerk and judge of that court. The certificate of the district judge to the record of the circuit court,

that the attestation of the clerk was in due form, was in the absence of the circuit judge, and the associate justice, sufficient.

V. The appeal of plaintiff from the judgment of the probate court having been taken before the end of the term at which it was rendered, was sufficient though more than ten days had elapsed after the rendition thereof. The requirement of the statute is that "appeals shall be taken during the term at which the decision complained of was made or within ten days thereafter." Thereafter refers to the end of the term. Revised Statutes, section 286.

Judgment of the circuit court is affirmed. All concur.