THE EMPIRE PAVING AND CONSTRUCTION COMPANY, Appellant, v. DANIEL D. PRATHER'S ADMINISTRATOR, Respondent.

St. Louis Court of Appeals, May 15, 1894.

1. Administration: SURVIVAL OF CLAIM: ROYALTY FOR USE OF PATENTED PROCESS. The grant of an exclusive right to use a patented process for a term of years required the payment by the grantee of a stipulated royalty, and contained a covenant by him that this royalty would annually amount to a designated sum; but it did not provide for his personal services or the exercise of his personal skill or capacity. *Held*, that it was not terminated by his death, and that the demand of the grantor under it for the subsequent annual royalty was allowable against his estate.

2. ———: ALLOWANCE OF DEBT NOT DUE. A debt not yet due may be allowed as a demand against the estate of a decedent, when it is payable absolutely at a definite time.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED *(with directions).*

*Mills & Flitcraft* for appellant.

*Vernon W. Knapp* for respondent.

ROMBAUER, P. J.—On November 1, 1890, the plaintiff on the one part, and the defendant's intestate and one Von Phul on the other part, entered into a written contract, the material portions whereof which bear on the present inquiry are as follows:

"This agreement, made between the Empire Paving and Construction Company, hereinafter called the party of the first part, and Von Phul and Prather, hereinafter called the party of the second part.

"Whereas, the said party of the first part is the owner of two patents for an improvement in artificial stone block pavement, and whereas, the said party of the second part desires to acquire an interest therein; now, this agreement witnesseth: That the said party of the first part hereby grants to the said party of the second part the exclusive right, privilege and license, to use and operate said patents in the city of St. Louis, state of Missouri, and in no other place or places, for a period of five years from the date hereof, on the following terms and conditions:

"That said party of the second part agrees to pay to the said party of the first part the sum of one cent per square foot royalty on sidewalk and road work, and three cents per lineal foot on all curb work, upon all cement or other work constructed by the said party of the second part under the said patent.

"*The said party of the second part further guaran-*

tees and agrees to pay annually to the party of the first part on the first day of November in each and every year during the term of this agreement one hundred dollars as annual guaranteed royalty for ensuing year.

"If the said party of the second part shall violate any of the terms, obligations or covenants of this agreement, then the said party of the first part shall have the privilege of canceling the same."

The contract nowhere binds the party of the second part to do any certain amount of work per year, or to use any efforts for procuring or doing work, the guarantee of $100 per annum, it would seem, having been deemed sufficient by the parties to insure proper exertion on part of the parties of the second part to procure work enough to pay that amount at least by way of royalty.

Von Phul and Prather went to work under this agreement, and paid the $100 for the first year. Prather died in 1891. The plaintiff recovered of Von Phul the $100 payable November 1, 1891, and exhibited for allowance against Prather's estate a claim for $300, payable in three installments on November 1, 1892, 1893 and 1894, respectively, which the probate court allowed. The administrator appealed to the circuit court, where the claim was disallowed, and the plaintiff prosecutes this appeal, and assigns for error that upon the conceded facts the judgment is erroneous.

It is the settled law of this state that a claim may be allowed against an estate, although not due, if it is to become due at a definite time. R. S., sec. 203; Cassatt v. Vogel, 94 Mo. 646; s. c., 12 Mo. App. 323; Kavanaugh v. Shaughnessy, 41 Mo. App. 657. By the statute, all contracts, which by the common law were joint, are made joint and several, and suit may be brought and prosecuted against one or more who are liable

thereon. It is also provided that, in case of the death of one joint obligor, the debt or contract shall survive against the administrator of the deceased obligor. R. S. 1889, secs. 2384, 2385 and 2387. There is nothing either in the contract or evidence tending to show that the right of Prather was not an assignable right, unless the right sold by the contract was by its very nature of an unassignable character. In this state any contract which does not stipulate for the personal services, knowledge and skill and experience of another, but for work which may as well be done by one as by another, is assignable. *Leahy v. Dugdale's Adm'r,* 27 Mo. 437; *St. Louis v. Clemens,* 42 Mo. 69. And even a copartner may purchase his copartner's interest in a contract, which is not for the *joint personal* services of the two copartners. *Love v. VanEvery,* 18 Mo. App. 196.

It must be noticed in this connection that the right assigned to Von Phul and Prather is the use of a patent *process.* The contract grants to the vendees the exclusive right to use the process within the city of St. Louis for a number of years. After the assignment the right of the assignees within the district named was exclusive even of the grantor. They became, under the United States statutes, as construed in *Waterman v. Mackenzie,* 138 U. S. 252, and *Pope Manufacturing Co. v. Gormully Manufacturing Co.,* 144 U. S. 252, assignees, as distinguished from licensees. The case of *Oliver v. Rumford Chemical Works,* 109 U. S. 75, is easily distinguishable from the case at bar, because there the *business tact and skill* of the assignee furnished one of the main considerations of the assignment, and there was plausible ground for holding that, since that consideration could not be furnished by the administrator after the decease of the assignee, both parties must have intended that upon such death the contract should terminate.

As the promise of the intestate was absolute in its terms to pay upon a sufficient consideration a certain amount at a specified time to the plaintiff, the claim of the latter is one which is entitled to an allowance against the estate of the deceased. The judgment is reversed, and the cause remanded to the circuit court with directions to affirm the judgment of the probate court. Judge BOND concurs. Judge BIGGS is absent.