McFaul v. Haley.

---

McFAUL, Appellant, v. HALEY, Executor of GRADY'S Estate.

**Division One, December 17, 1901.**

1. **Judgment:** LIMITATIONS: CLASSIFICATION. A judgment rendered in December, 1878, was not barred by limitation if presented for classification to the probate court in June, 1898. The statute of 1895 (secs. 6796, 6797, R. S. 1899), declaring that a judgment shall be presumed to be paid after ten years, etc., does not apply to such judgment. The judgment had passed the age when execution could issue on it, or when it could be revived by scire facias, but not the period when it could be made the basis of a new suit and of judgment founded thereon.

2. ————: PRESENTATION AND CLASSIFICATION IS SUIT THEREON: NOTICE. The presentation, allowance and classification of a judgment, after legal notice to the administrator of the procedure, is a suit on the judgment. Classification is not a clerical, but a judicial act. Notice to the administrator in such case of the presentation of the claim is necessary. (All the authorities reviewed and distinguished.)

3. ————: ————: DEFENSE. Whatever defense may be urged in a suit in the circuit court against a living person, founded on a previously rendered judgment, may be urged by the administrator as a defense

McFaul v. Haley.

when the judgment is presented for allowance and classification in the probate court.

4. ———: ASSIGNMENT: REASSIGNMENT. A judgment may be assigned, and presented by the assignee to the probate court for allowance and classification, and allowed there in his name, and after appeal to the circuit court it may be reassigned to the original judgment creditor and he may there be substituted as plaintiff. Section 764, Revised Statutes 1899, authorizes such course.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

REVERSED AND REMANDED.

*Hornsby & Harris* for appellant.

(1)   As the Act of April 9, 1895, provides for no time within which action on judgments theretofore rendered might be begun, it did not cut short the twenty-year period within which suits thereon might be brought according to the statute in force when the first judgment was rendered.   For, if this act was applied to such judgments, it would deprive the judgment creditor of a vested right, and would therefore be unconstitutional and void.   Cranor v. School District, 151 Mo. 119; McElroy v. Ford, 81 Mo. App. 505.   (2)   The claim originally presented and tried in the probate court in the name of Berrien, the assignee, could properly be permitted to remain in the name of Berrien and be classified in his name, even though he re-assigned the claim to McFaul after trial and before judgment in the probate court.   R. S. 1899, sec. 764; Smith v. Phelps, 74 Mo. 598; Asher v. Railroad, 89 Mo. 116; State ex rel. v. Philips, 97 Mo. 331.   (3)   Judgments rendered in the lifetime of a decedent may be presented against his estate in the probate court and classified at any time within twenty years of its rendition, within the two years' limit provided for the presentation of such demands.   It is not necessary to revive such judgment by scire facias in order to be en-

titled to have the same classified in the probate court.   Ewing
v. Taylor, 70 Mo. 396; Kerr's Admr. v. Winner's Admr., 40
Mo. 544.

*R. L.* and *John Johnston* for respondent.

(1)   Appellant having asked no instructions, and the re-
cord failing to show upon what theory the trial court tried and
determined the issues, in accordance with the uniform rule of
this court in such cases, the judgment should be affirmed.
Blankenship v. Dilley, 162 Mo. 338; Altman v. Arnold, 27
Mo. 264; Early v. Elliott, 43 Mo. 289; Gaines v. Fender, 82
Mo. 508; Miller v. Brencke, 83 Mo. 163.   (2)   The lien of
the judgment having long since expired, and never revived,
its classing against the estate of Grady by the probate court,
was in direct conflict with section 6024, Revised Statutes
1889, and section 3726, Revised Statutes 1899. Ewing v. Tay-
lor, 70 Mo. 397, cited by plaintiff, is overruled in Wernse v.
McPike, 100 Mo. 487. (3) The provision of the Constitution
of the State, that all acts of the Legislature (with designated
exceptions) shall remain inoperative for the space of ninety
days after the adjournment of the session at which they are
passed, entered into, and became a part of the amended limita-
tions law of 1895 as fully and absolutely, as though so ex-
pressed in the act itself, thus giving ample time to parties
whose rights were to be affected, to take the necessary steps to
avoid the bar of the statutes, and appellant having failed to
avail himself of the remedy provided, is forever barred. Terry
v. Anderson, 95 U. S. 628.   (4)   The unnatural, prolonged,
unexplained silence and inaction of the claimant with refer-
ence to this judgment, together with the utter insanity of de-
fendant Grady, in his abundantly solvent condition, in per-
mitting an unsatisfied judgment running at ten per cent per
annum interest to stand unliquidated up to the date of his
death, are facts "pregnant with significance," and taken in con-

nection with the disclosures made by appellant's witness (Mc-Cann), fully warranted the trial court in finding the judgment satisfied.    Baker v. Stonebraker's Exr., 36 Mo. 338.

*R. M. Nichols* of counsel for respondent.

(1)    Revised Statutes 1899, section 4297, is partly a statute of presumption and partly of limitation.    It provides: First.    "Every judgment  .  .  .  .    shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof."    Second.    "Or, if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival."    Third.    "Or, in case payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made."    Fourth.    "And after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid."    Fifth.    "And no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatsoever" (by inference, for the ten years).    The first four paragraphs are clearly presumptions, which have been enacted from the common law, and the fifth paragraph is plainly a statute of limitation, which has been passed upon in the case of Cramer v. School Dist., 151 Mo. 123, which was an action upon a judgment more than ten years old. These presumptions spoken of in the first four paragraphs of the statute are rules of evidence relating to the remedy to be maintained upon the judgment only, and not a limitation, and consequently not subject to the exceptions and incidents of an act of limitation.    Gaines v. Miller, 111 U. S. 395; Cape Girardeau Co. v. Harbison, 58 Mo. 90; Abbott's Trial Evidence, par. 25, p. 812; 1 Greenleaf on Evidence

(Redf's Ed.), sec. 40, p. 45; 2 Ib. sec. 528, p. 489; Campbell
v. Brown, 86 N. C. 376; Gregory v. Comm., 121 Pa. St. 611;
In re Neilly, 95 N. Y. 382; Long v. Clegg, 94 N. C. 763.
(2)   Laws which change the rule of evidence relate to the
remedy only, and may be applied to existing causes of action.
Coe v. Ritter, 86 Mo. 277; O'Brien v. Allen, 108 Mo. 227;
State v. Thompson, 141 Mo. 408; Henshall v. Schmidt, 50
Mo. 454; Deggs v. Ins. Co., 136 Mo. 396.   (3)   The pro-
ceeding to have the judgment classified in the probate court
is merely summary in its nature.   This proceeding is in no
sense a "civil action," in the meaning of the statute of limita-
tion.   R. S. 1899, secs. 184, 191 and 208; Wernse v. McPike,
100 Mo. 487; Stevens v. Berneys, 119 Mo. 143.   (4)   The
act of classification, being simply the scheduling in the fourth
class of an adjudicated claim or judgment, not an allowance,
and therefore not a "civil action," the classification by the
probate court would not arrest the running of the statute; but
when the judgment, rendered December 5, 1878, was offered
on the trial de novo in the circuit court on June 5, 1899, the
limit prescribed in section 6796, Revised Statutes 1889, having
been reached, i. e., the twenty years, the court rightfully re-
jected the offer.   Rabsuhl v. Lack, 35 Mo. 316; R. S. 1899,
secs. 566 and 4271; Carondelet v. Desnoyer's Admr., 27 Mo.
36; Gibson v. Vaughan's Admr., 61 Mo. 418.   (5)   The
classification of the judgment by the probate court, although
made before the lapse of twenty years, would not arrest the
evidential force of the common-law presumption of payment,
and when the judgment was offered in evidence on the third
day of May, 1899, over twenty years after its rendition upon
trial de novo in the circuit court, this presumption obtained
independent of the statute of presumption or limitation.   (a)
The trial in the circuit court, upon appeal from the probate
court, was de novo, and any new matter of defense could be
made.   R. S. 1889, sec. 292; Berry v. Shackelford, 38 Mo.
394.   (b)   If section 6796 had been repealed on the day of

McFaul v. Haley.

the trial de novo in the circuit court, the common-law presumption still obtained, to the effect that the judgment then offered in evidence, would be presumed to be paid, if upon its inspection, the evidence showed it to be over twenty years old upon the date of trial. The common-law presumption exists independent of the statute. Clemens v. Wilkinson, 10 Mo. 98; Carr v. Dings, 54 Mo. 95; Williams v. Mitchell, 112 Mo. 311; Shubrick v. Adams, 20 S. C. 53; Campbell v. Brown, 86 N. C. 376; Bean v. Tonnel, 94 N. Y. 381; Reed v. Reed, 46 Pa. St. 239. (c) The only act that will arrest or repel the presumption of payment is prescribed by statute (sec. 6796, Revised Statutes 1889), viz.: "Such presumption may be repelled by proof of payment or written acknowledgment of indebtedness, made within twenty years, of some part of the amount recovered by such judgment or decree; in all other cases it shall be conclusive." Lawson on Law of Presumptive Ev., 347, 383.

VALLIANT, J.—This controversy arose in the presentation for classification in the probate court of an old judgment rendered in favor of the plaintiff against the defendant's testator, Patrick Grady, in his lifetime. The probate court received the claim and placed it in the fourth class for payment; the executor appealed to the circuit court where the claim was rejected, and judgment rendered in favor of the executor. From that judgment the plaintiff appeals.

The judgment which is the subject of this proceeding was rendered in the St. Louis City Circuit Court, December 5, 1878, for $1,954.25, bearing interest at ten per cent per annum. It was presented to the probate court, June 23, 1898, and by order of that court, October 10, 1898, was placed in the fourth class of claims allowed against the estate. The judgment with interest then amounted to over $5,000. Notice of intention to present the claim for classification had been duly given the executor. It was presented in the name of one

Berrien, to whom it had been assigned by McFaul, June 16, 1880, as appeared by memorandum to that effect on the margin of the record, and it was allowed or classified for payment in his name, although after its presentation and before its classification Berrein re-assigned it to McFaul. In the circuit court the re-assignment was shown and McFaul substituted as plaintiff.

At the trial in the circuit court there was evidence tending to prove the assignment and re-assignment, above mentioned, and the statutory affidavit of the claimant in such case. Then the plaintiff offered the circuit court record of his above-mentioned judgment against Grady, of date December 5, 1878. To the introduction of this evidence the defendant executor objected on the ground that the judgment was more than ten years old and no evidence of any renewal or of any act to prolong its life as required under the Act of April 9, 1895, and for the further reason that Berrien, at the time the claim was allowed in his name by the probate court, had no interest in it. The court sustained the objection and the plaintiff excepted. Plaintiff then offered a duly certified copy of the same judgment with official indorsements of the probate clerk showing that it was filed in that court October 10, 1898, to which objection, on the same grounds as above, was made, and also on the ground that at that time, that is, when the evidence was offered at that trial in the circuit court, May 3, 1899, the judgment was more than twenty years old, and was conclusively presumed to have been satisfied under section 6796, Revised Statutes 1889. That objection was also sustained and the plaintiff excepted.

In the statement filed by one of the counsel for respondent it is said that the defendant then introduced evidence of certain circumstances and conditions from which the trier of facts might find that the judgment was satisfied. But if there was any such evidence it was not preserved in the bill of exceptions.

The trial court seems to have proceeded on the theory that the case was within the provisions of the Act of April 9, 1895, entitled "An act to repeal section 6796, of the Revised Statutes of 1889, entitled 'Personal actions,' and to create a new section in lieu thereof." That act, after repealing section 6796, and declaring this enactment to be in lieu thereof, declares that a judgment shall be presumed to be paid after ten years from the date of its rendition, or ten years after the date of a partial payment thereon entered of record, and that no execution or other process shall issue on a judgment after that period nor shall any suit be maintained thereon.

Section 6796 declares that a judgment shall be presumed to be paid after twenty years, but that in a suit on the judgment the presumption may be repelled by evidence of partial payment or written acknowledgment of the obligation within the twenty years, otherwise the presumption is to be conclusive.

That section is a part of chapter 103. The section in that chapter next following is: "Sec. 6797. The provisions of this chapter shall not apply to any actions commenced or to any cases where the right of action or of entry shall have accrued before the time when this chapter takes effect, but the same shall remain subject to the laws then in force."

The Act of 1895 took the place of section 6796 and became a part of that chapter, and subject to the same conditions that the section it had taken the place of had been subject to. The chapter, so far as its amended feature was concerned, took effect when the amendatory act took effect, and, hence, by its very terms did not apply to a cause of action then in existence, but such cause of action was to remain subject to the laws in force when it accrued. The judgment in question which was the plaintiff's cause of action, was in existence when the Act of 1895 was passed, and comes within the expressed exception, and is therefore governed by section 6796 as it appears in the Revised Statutes 1889.

Under the provisions of that section the plaintiff's judgment was not barred, nor was it under the ban of the statutory presumption of payment in June, 1898, when it was presented to the probate court. But it had passed the age when execution could issue on it, or when it could be revived by *scire facias*. It could then be rendered available to the plaintiff only by a suit and a new judgment founded on it. If the testator had been living it would have been prima facie a good cause of action against him, and as he was dead it was prima facie a good cause of action against his executor, either in the circuit court or in the probate court. [Ewing v. Taylor, 70 Mo. 394.] Counsel argue that when a judgment is presented against an estate in the probate court, it is not presented for allowance but for classification only, citing Wernse v. McPike, 100 Mo. 487, and Stephens v. Bernays, 119 Mo. 143. And from this they seek to draw the conclusion that the act of classifying is a mere clerical act, scheduling an already adjudicated claim, in no sense a civil action.

It is said in one of the briefs for respondent that Ewing v. Taylor, 70 Mo. 394, is overruled iu Wernse v. McPike, 100 Mo. 476. That is seemingly so in reference to one point which is unimportant here. Those two cases were so different in their respective subjects for decision that one could hardly conflict with the other. In the former case a judgment more than ten but less than twenty years old, obtained against the intestate in his lifetime, was presented to the probate court for classification. In the opinion it is said that in such case the same notice is required to be given the administrator as when a demand of any other kind is to be presented for allowance; that is disapproved in Wernse v. McPike.

In the first place there was no question of notice in Ewing v. Taylor. Whether or not notice had been given is not mentioned, but the administrator appeared in the probate court and contested the claim; therefore, what was said on that point was unnecessary and in no way affected the decision. And in

the next place Wernse v. McPike did not have to do with a judgment against the intestate in his lifetime.	The judgment under discussion in that case had been rendered in the circuit court against the administrator on a note on which the intestate was liable and had been presented to the probate court for classification without notice to the administrator.	This court held that the administrator under those circumstances was not entitled to notice, and the language used in Ewing v. Taylor, seeming to be in conflict with that conclusion, was disapproved.

In Bryan v. Mundy, 14 Mo. 458, a judgment against the intestate had been presented for classification against his estate in the probate court, and no notice of the fact had been given to the administrator.	This court held that such notice was necessary.	That is the only case brought to the writer's notice in which that point has ever been presented to this court for decision.	That decision was approved in Ewing v. Taylor, and disapproved in Wernse v. McPike, but in neither of those cases was the point involved.

In Carondelet v. Desnoyer, 27 Mo. 36, the plaintiff had obtained two judgments against the intestate in his lifetime, and instead of presenting the judgments to the probate court for classification, blended the two in a petition and asked the probate court to allow them as one claim against the estate, and the court gave judgment as prayed.	This court held that by taking that course the plaintiff lost the class the judgments would have fallen into, and the claim as allowed should fall in the fifth class.	There was no question of notice in that case.

In Gibson v. Vaughan, 61 Mo. 418, the plaintiff had a judgment against the intestate in his lifetime, but the records of the circuit court had been destroyed and he was unable to produce a transcript of it in the probate court for classification, but presented a petition setting out the fact of the judgment and the destruction of the records, etc., and asked that it be allowed, and it was allowed.	This court held that the claim

so allowed stood in the fifth class and that the administrator was entitled to notice of the presentation and an opportunity to defend against the claim.    In the opinion, the court, per SHERWOOD, J., said:    "If a transcript of the judgment rendered in the circuit court had been filed, perhaps no notice to the administrator would have been requisite," etc.    Those two cases, as bearing on the question of notice, are disapproved in Ewing v. Taylor and approved in Wernse v. McPike, and the expressions used in the two last-named cases seem to imply a conflict, but when viewed in the light of the facts presented for adjudication in each case there is no conflict.

We have been constrained to go over those cases for the reason that the argument that the action of the probate court in classifying a judgment is merely clerical, is based largely on the point that no notice to the administrator is required, and that since there can be no judicial procedure without notice, this is not a judicial procedure.    But that is a mistaken view of the statute; this court has never held that a claim could be placed in condition when satisfaction could be enforced out of the estate without affording the administrator an opportunity to make any lawful defense he might have to it.    Nothing in our decisions from Bryan v. Mundy, 14 Mo. 458, to McGinnis v. Loring, 126 Mo. 404, cited in the briefs, gives countenance to such a theory.

Importance seems to be given by counsel to the term "allowance" in reference to an ordinary demand, and "classification" in reference to a judgment.    But we must be careful to not be confused by terms, by mere form of expression. However limited the inquiry may be, certain it is, some judicial action by the probate court is required, some judgment is to be pronounced before a claim of the kind in question can be put in condition to be satisfied out of a decedent's estate, and it follows as a necessary consequence that the administrator must have legal notice of the proceeding.

If Grady had been living and had been sued on the judg-

ment, he could have shown in defense any fact arising since its rendition going to prove that it had been satisfied, and so can the executor, whether the procedure is in the form of a suit against him in the circuit court or an application for allowance or classification in the probate court. Even if there was no question of prescription or limitation in the case, if it was a judgment of recent date and presented for classification, unquestionably the executor would be permitted to show that it had been paid, or otherwise ceased to be a subsisting judgment against the estate. [McGinnis v. Loring, 126 Mo. 411.]

In that case, this court, per Black, J., said: "The defendant adminstrator had a perfect right to appear in the probate court and plead payment as a defense to the judgment. If paid, it was the plain duty of the court to reject it, though it was a judgment. We find nothing in Wernse v. McPike, 100 Mo. 476, in any way in conflict with what we have just said. To say a paid and satisfied judgment should be classified as a demand against a dead man's estate is simply absurd, and this court has never thought of promulgating any such doctrine."

There is ground for the contention that a distinction should be drawn between a judgment of such recent date that an execution may emanate upon it, and one that is of no active force except as a cause of action to support a new suit and upon which to base a new judgment. Since the latter can draw activity only from a new judgment, it leaves room to contend that when presented to the probate court for its approval as a demand it should be revivified by a judgment of that court and take its rank with other allowed claims. That would seem to be in accord with the ruling in Carondelet v. Desnoyer and Gibson v. Vaughan, above cited. But this case does not call for a decision upon that point now.

Of course, when a judgment is presented for allowance or classification, the probate court can not go into the merits of the original cause of action on which it was founded, nor

could the circuit court in a suit at law on the judgment, but whatever legal defense the law permits in such a suit in the circuit court, the executor may make in the probate court, when the judgment is presented for classification. If the probate court, after hearing the evidence, concludes that the judgment has been paid, it will refuse to classify it; if, on the other hand, it concludes that the executor has failed in his attempt to show that the judgment has ceased to be a valid demand, it will classify it, and place it in the list of claims to be paid in the due course of administration. Thus it makes no difference what we call it, even if we denominate the court's action as "classifying," still the act is a judgment and the proceeding may involve a trial of fact. If the act of classifying a judgment by the probate court, under the circumstances of this case, is not itself a judgment, if it is a mere ministerial or clerical or nondescript act, what did the executor in this case appeal from?

If the presentation of a judgment for classification is not in the nature of a suit on that judgment, what was there for trial in this case in the circuit court? If a mere ministerial act is all that is required, why trouble the court with it at all, when the clerk can do it as well?

The presentation of the judgment to the probate court in this case was in effect the institution of a suit on the judgment against the executor, as much so as would have been the presentation of a claim in the form of a note against the estate, or as much so as if the plaintiff had brought suit in the circuit court against the executor on the judgment and notice to the administrator was necessary. Therefore, the twenty-year statute of presumption ceased to run when the claim was presented to the probate court in June, 1898, and had not finished its limit when the trial occurred in the circuit court in May, 1899. The plaintiff's judgment was prima facie a valid claim, and the court erred in refusing to receive it in evidence.

But whilst the probate court, or the circuit court on appeal, can not go behind the judgment to inquire into the merits of the cause of action, yet the executor may defeat the claim if he can establish that it has been paid, or for any cause since its rendition has ceased to subsist as a valid demand. And in a trial of that issue he is not limited to proof of a positive act of payment, but he may show, if he can, circumstances and conditions from which the probabilities of payment are such as carry reasonable conviction that the judgment has been satisfied. The law adjusts itself to the circumstances of the case. The lapse of time, the death of the main witness, and perhaps other witnesses, justify the triers of the fact in drawing conclusions from probabilities when the positive fact is not susceptible of more direct proof.

In Baker v. Stonebraker, 36 Mo. 338, the facts of which are of a very similar nature to those which the counsel for appellant above mentioned says in his brief the evidence for the defendant in the case at bar tended to prove, this court said: "A presumption of payment, as a matter of fact, may arise from a great lapse of time, falling short of the full period prescribed by statute as a ground for a conclusive or a disputable presumption of law, taken together with other additional circumstances tending to show payment, as furnishing circumstantial and presumptive evidence and a basis of fact proved, from which a jury may be warranted in inferring the fact of payment. It is well settled also, that when there is some evidence of this character which is competent to go to the jury, it is a question of fact for the jury to decide." See also 17 Am. and Eng. Ency. Law, (2 Ed.), 868, where a large number of authorities on the point are cited.

It is argued for respondent that there was evidence *in pais* on which the court, sitting as a jury, might have found as a fact that the judgment sued on was paid. But the answer to that is that, in the first place, the bill of exceptions does not show that any evidence was offered by the defendant, and

second, when the court excluded the evidence of plaintiff's judgment there was no case left to try.

The fact that the claim was re-assigned by Berrien to McFaul after it had been presented to the probate court, and that after that it was allowed in Berrien's name, and still later McFaul was substituted as plaintiff in the circuit court, does not affect the case. That course is expressly authorized by section 764, Revised Statutes 1899.

The case should have been tried in the probate court and in the circuit court on appeal, precisely (regard being had to the difference of procedure in each court) as it would have been if it had been a suit in the circuit court against the administrator on a judgment more than ten years old against the intestate, and whatever legal defense could have been made in such a suit, the administrator may make in this proceeding.

The trial court erred in rejecting the evidence offered by the plaintiff and for that reason the judgment is reversed and the cause remanded to the circuit court to be retried according to the law as herein expressed.

All concur.