HENRY LEVEN, Respondent, v. GEORGE MORFF, Administrator of the Estate of MARY MORFF, Deceased, Appellant.

Kansas City Court of Appeals, November 29, 1920.

1. **ADMINISTRATION: Insufficient Notice of Presentation of Claim Must Comply With Statute.** Where the administrator does not waive the notice of presentation of a demand against the estate, section 194, Revised Statutes 1909, requires the holder of such claim to serve upon the administrator a notice in writing and where a notice of claim does not set forth ·the time and place of presentation for allowance, nor the names of the persons interested in, the claim, it does not comply with the requirements of section 204, of the Revised Statutes 1909.

2. ———: **Notice: Essential Requirements.** Under the statute the notice must definitely show who is the owner of the claim and whether the holder thereof intends to present the same for allowance, the time of presentation and the place where the same will be so presented.

3. ———: **Written Notice Required Unless Waived.** Unless notice is waived, notice in writing must be given as the statute contemplates.

4. ———: **Summons: Effect: Does Not Supply Notice or Intention to Present.** A writ of summons issued by the probate court does not supply the element of the intention to present a claim for allowance, nor is there any law authorizing the court to issue such a summons and the administrator is only bound by the notice the statute requires to be served upon him.

5. **DEFECTIVE NOTICE: Not Binding.** Deficiencies of a notice cannot be supplied by the service of any other document and the administrator is only bound by the notice required to be given in compliance with the statute.

6. **NOTICE: Service Jurisdictional: No Appearance by Administrator: Statute Must be Strictly Followed.** The method of service upon the administrator is jurisdictional, of vital importance and the statute should be strictly followed where no appearance is made by the administrator.

Appeal from Cole County Circuit Court.—*Hon. John G. Slate,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Pope & Lohman* for appellant.

No brief for respondent.

TRIMBLE, J.—This is a proceeding by an administrator, under section 220, Revised Statutes 1909, to set aside a demand alleged to have been improperly allowed in favor of Henry Leven. The probate court refused to set aside the allowance and "try the matter anew" as provided in said section. An appeal was taken to the circuit court where the same result was encountered, and the administrator has appealed to this court.

The foundation of Henry Leven's claim, which was allowed as a demand against the estate, is a writing dated September 18, 1916, purporting to be signed by decedent Mary Morff by mark, witnessed by Oscar P. Jacobs, reading in the body thereof, as follows:

"At my death I, Mary Morff, promise to pay to Henry Leven or his heirs the sum of five hundred and fifty and no-100 dollars, out of my estate with interest at one per cent per annum from date, without defalcation or discount for value received. And I do hereby confess judgment for the above sum with interest and costs of suit, a release of all errors and waiver of all rights to inquisition."

The contention of the Administrator is that there was no sufficient notice of the presentation of the claim for an allowance against the estate.

It seems that four other writings identical in terms, except as to the payee therein, were also filed in the probate court; and, thereupon, the probate court issued a writ of summons directed to the Sheriff of Cole County commanding him to summon the said Administrator to appear on the second Monday in October, 1919, "to

answer to five claims that have been exhibited in our said court against the estate of Mary Morff, deceased, by Henry Leven, John Leven, Peter Leven, Gertrude Sanneke and Lawrence Leven, each having one claim.'' The return of the sheriff on said writ recited that he served the within summons on the 6th day of September, 1919, in Cole County ''by delivering a true copy of this writ together with a copy of the notice attached thereto'' as certified to by the judge to the within named defendant George Morff.'' No notice was attached to the writ of summons upon which the return was made. At the trial in the circuit court, however, it was shown that the copy of summons which was delivered to the administrator had attached to it a ''Notice of Claims'' addressed to said Administrator saying:

''Take notice, that each of the undersigned have a demand against said estate for the sum of five hundred and fifty and no-100 dollars, with interest thereon amounting to Sixteen and 27-100 dollars, founded on a note of which the following is a copy. (Here followed a copy of the Henry Leven note.) The other interested persons are John Leven, Peter Leven, Gertrude Sanneke and Lawrence Leven.''

The administrator never appeared in the probate court in answer to said notice, nor did he waive service of notice in any other way. On the return day or the writ, the probate court allowed the Henry Leven claim as a demand against the state. Thereafter, and within four months as provided by section 220 aforesaid, said administrator took the necessary steps called for therein to have the allowance vacated on the ground that it was allowed without notice and the administrator never at any time waived notice nor was notice given to him in the manner required by law.

Where the administrator does not waive the notice of presentation of a demand against the estate, section 194, Revised Statutes 1909, requires the holder of such claim to serve upon the administrator a notice, in writing, etc. And section 203, Revised Statutes 1909, provides that such written notice shall contain ''a copy of the

instrument of writing or account on which it is founded, *and stating that he will present the same for allowance* at the next regular or adjourned term of court." And section 204, Revised Statutes 1909, provides that "such notice shall be served on . . . the administrator by delivering to him a copy thereof," etc. Section 205 of the statute provides that the administrator "may appear in court, or, by writing, waive the service of any such notice."

So far as concerns the roll record in the probate court, there is nothing on the face thereof to show that any notice of any kind was served upon the administrator. Nothing appears but a so-called writ of summons issued by the judge commanding the sheriff to summon the administrator on a certain day and the service of that summons on him. But, in the circuit court, the evidence discloses that to the copy of the summons which was delivered to the administrator was attached the "Notice of Claims" herein above set out.

However, we will not go into the question of whether, on appeal to the circuit court, it is proper to "eke out" the record of the probate court as to service by evidence that a "notice of claim" was actually delivered to the administrator and, therefore, the probate court had jurisdiction to allow the demand even though, in the face of its record as to service, no notice of any kind appeared. Even if such a thing can be done there was no such notice as the statute requires concerning the demands of the other four claimants, since there was no copy of the instruments upon which their claims were founded. But, of course, in this particular proceeding we have to do only with the claim of Henry Leven, and the question is whether there has been proper notice in his case. We are not advised as to respondent's position in the matter, since no brief has been filed, nor appearance made by him, in this court.

It will be observed that the "Notice of Claims" contains a copy of the instrument payable to Henry Leven, but such notice nowhere says anything about the presen-

tation of the same at any time or place for allowance. It merely says that "each of the undersigned have a demand against the estate" founded on a note (a copy of which is set out), and then gives the names of the other "interested persons." The names of neither Henry Leven nor of any of the other interested persons appear thereto so as to come within the meaning of the "undersigned." So far as the contents of this notice is concerned, it does not comply with the requirements of section 204. It does not definitely show who is the owner of the claim founded on the copy set out nor does it say that the holder thereof (whoever he may be) has any idea of presenting the same for allowance, or when or where. This the statute requires and such is therefore essential. [Peiffer v. Suss, 73 Mo. 245.] Unless notice is waived, notice in writing must be given as the statute contemplates. [Williams v. Gerber, 75 Mo. App. 18.]

We may perhaps infer that respondent relies upon the writ of summons issued by the judge of the probate court to supply the element of intention to present the claim for allowance, but there is no law, so far as we are aware, authorizing the court to issue such a summons and the administrator is bound only by the notice the statute requires to be served upon him. If that is defective he is called upon to look beyond that to some other unauthorized document to help out the deficiencies of the notice delivered to him in an attempted compli· ance with the statute. Besides, the so-called writ, when taken in connection with the notice, did not render the whole any more definite as to who was the owner and holder of the particular claim copied in the notice. The method of service upon the administrator is jurisdictional and of vital importance. The statute should be strictly followed where no appearance is made by the administrator. To hold that the allowance made on such service should be set aside and the matter tried anew as section 220 provides, does not forever foreclose either party, as the opposite or more liberal holding would do.

We think the judgment should be reversed and the cause remanded to the circuit court with directions to

render judgment holding the demand improperly allowed and directing the probate court to set the same aside and proceed as provided in section 220. It is so ordered. All concur.