W. H. VAN WAGNER, RESPONDENT, v. M. T. SLANE, ADMR., ETC., APPELLANT.*

Kansas City Court of Appeals. February 11, 1929.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, section 580, p. 689, n. 41; section 863, p. 967, n. 42; Executors and Administrators, 24CJ, section 981, p. 346, n. 54; section 983, p. 347, n. 64.

*H. T. Williams* for respondent.

*H. K. Bente* for appellant.

LEE, C.—This is an appeal by the administrator of the estate of Samuel C. Gold, late of Pettis county, Missouri, from the allowance of a claim against the estate in favor of respondent W. H. Van Wagner. The claim, or account of two promissory notes for $800 and $1000, was first filed in the probate court, which refused to allow it on the ground that it had not been properly exhibited. Claimant appealed to the circuit court, which allowed the claim in the aggregate sum, including interest, of $2320.93.

The essential facts are not disputed, and in part were admitted by stipulation. Samuel C. Gold died on August 7, 1925; letters of administration with the will annexed were issued on August 31, 1925, to H. R. Camp; publication of notice of letters granted was begun on October 9, 1925. H. R. Camp died on September 28, 1927, and was succeeded as administrator of this estate by the appellant, M. T. Slane. There appears also to be no controversy as to the validity of the notes.

The question at issue is as to whether the claim was exhibited, filed and presented in conformity with the requirements of the law, which carries with it the question of the right of the administrator to pay same. He has the right to have this question adjudicated for his own protection.

On January 13, 1926, respondent made copies of the notes of testator which he wished to have allowed as a claim against the estate, and took them to the probate court, where the then probate judge prepared the form of claim and affidavit, attached same to the copies of the notes, and endorsed the claim "Filed in court this 13th day of January, 1926. E. W. Couey, Judge of Probate."

Judge COUEY testifies that a few days thereafter Mr. Camp, the administrator (who was also public administrator), came into the probate judge's office, at which time, he states, "I had a talk with the administrator, Mr. Camp, and gave him the claim" . . . "I think I am correct when I say he took it to confer with Mr. Bente, to see whether it was all right and whether it would be allowed or not, or whether wanted some proof on it:"

"BY MR. BENTE: We object to what he thinks. A. That is what I will swear to now, something of that nature, just what it was.

"Q. You say Mr. Camp took the claim out of your office for examination? A. Yes, sir, with his attorney."

Sometime thereafter, and within six months, claimant called at the probate judge's office to inquire about this claim, and found that same had not been allowed. He and the clerk of the court then searched the court's files, but could not find the claim which he had filed. He made several visits to the court, and finally made new copies of his claim, which he took to Mr. Camp's office and asked him to waive service on them. This was not done, and claimant said, "I am going to stay right here, and I want Mr. Bente sent here, and I shall stay right here until I find out about this matters." In fifteen or twenty minutes Mr. Bente came into the office with these claims in his hands. Upon being asked by claimant to instruct Mr. Camp to waive service on the claims, Mr. Bente said, "Now the heirs of the estate are objecting to these claims being brought in here" and "I won't do it unless they approve it." This conversation was late in the fall of 1926. Thereafter claimant employed an attorney, through whom application was made to the probate court for a hearing of the claim. February 10, 1927, was set for such hearing, and the administrator notified. On that date the case was continued by agreement until February 18, 1927. On February 18th claimant appeared, and the administrator appeared and filed a motion reciting that his appearance was for the purpose of the motion only, moving that the court refuse to hear and determine the demand, for lack of jurisdiction. The motion recited as grounds for same that the claimant had not exhibited his demand to the administrator, as required by law,

within the period of one year from the time of publication of notice of appointment; that the administrator did not waive such service, and that said demand had not been so exhibited or filed in court within the time required by law. The probate court sustained said motion and refused to hear or allow the claim. Claimant then appealed to the circuit court of Pettis county. In that court the claimant introduced evidence of the above-recited facts. The administrator offered no evidence, but filed a request in the nature of a general demurrer to the evidence offered on behalf of claimant, and asking a peremptory declaration of law in his favor. The court overruled this motion and rendered judgment for the plaintiff, from which the administrator in due time appealed to this court.

The sole question involved herein appears to be as to whether or not the requirements of Article 7 of the Revised Statutes of Missouri, 1919, as to the presentation and allowance of claims against decedents' estates, were complied with. The year within which such claims might be exhibited, in conformity with sections 181 and 182 of the statutes in this case, expired on October 9, 1926.

The statutes are as follows:

Sec. 181 classifies demands against the estate which may be exhibited within one year.

Sec. 182. "All demands not thus exhibited in one year shall be forever barred . . . ."

Sec. 185. "Any person may exhibit his demands against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice, or a waiver of such notice, in writing, by the executor or administrator."

Sec. 186. "No claimant shall avail himself of the benefit of the preceding section unless he shall exhibit his demand to the administrator in the manner provided by law, *for allowance,* within one year . . . nor unless he shall within said time also present his said demand to the probate court."

Sec. 194. "Any person desiring to establish a demand against any estate shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance at the next regular or adjourned term of court."

Sec. 195. "Such notice shall be served by delivering to him a copy thereof . . . ."

Sec. 196. "The executor or administrator may appear in court, or by writing, waive the service of any such notice."

Sections 182, 185 and 186 of the statutes above quoted do not specify the order in which the exhibition of the demand to the ad-

ministrator and the presentation of same to the court shall be given; but merely require that they shall be within one year.

The evidence shows that the claim, properly prepared and verified, was duly presented to the court on January 13, 1926, when it was marked filed by the probate judge in person. This was a sufficient compliance with sections 181 and 182 as a basis for classification, and with the last clause of section 186, as to presentation to the court, as preliminary to demand for its allowance.

From the evidence it further appears (and as the administrator offered no rebutting evidence it must be accepted as true) that a few days after the claim was filed the probate judge, at the express or implied request of claimant, gave the claim to the then administrator, Mr. Camp, who took it out for examination with his attorney. From time to time thereafter, beginning within six months, claimant unsuccessfully sought to locate the claim papers in the court files, and finally found them in possession of the administrator or his attorney. At that time no complaint was made by administrator or his attorney that the service of the claim on him had not been properly and timely made, or that his possession thereof was recent, or other than as related by claimant, or that it was not in due form. In fact, the only point then raised by the administrator's attorney (who seemed to be spokesman) was that the heirs objected to the claims, but that if they approved he would instruct the administrator to waive service. Under these circumstances it is impossible to hold otherwise than that there had been, in fact, valid service on the administrator within one year of ''a notice, in writing, stating the amount and nature of the claim, with a copy of the instrument upon which the claim is founded,'' as required by section 185; and that the administrator is estopped to deny or impeach such service.

But the exhibition of the claim to the court as a basis for classification, if and when allowed, as required under sections 181 and 182, and the bare notice of the fact of the claim to the administrator, provided for under section 185, are not in themselves sufficient to establish it as a charge against the estate.

It will clarify the matter to note the distinction between the different senses in which the word ''notice'' is used in these statutes. In one sense it means the giving of information of an existing fact, namely, of the amount and nature of the claim, so that the administrator may investigate and decide whether or not to contest it, and make any necessary provision for paying same if allowed. In another sense it signifies a declaration of intention to take definite future action in presenting the claim to the court for actual allowance.

The notice given the administrator under the provisions of section 185 may be, and often is, broad enough to include that which is required under the first clause of section 186 and under sections 194

and 195; in which case no further notice to the administrator is necessary; but if it does not state that he will present the claim for allowance at the next regular or adjourned term of court, then it only has the effect of a notice in the first sense, which preserves his right to classification of his claim under section 181, and brings it within the one-year statutory limitation. [Dean v. Dean (Mo. App.), 1 S. W. (2d) 235, l. c. 237.] It then becomes necessary for him to serve a second notice for the actual hearing of the claim, under the provisions of sections 194 and 195 (unless waived by the administrator under section 196). [Home Insurance Co. v. Wickham, 281 Mo. 300, 219 S. W. 961; McFaul v. Haley, 166 Mo. 56, 65 S. W. 995; Leven v. Morff, 205 Mo. App. 698, 226 S. W. 612.]

The exhibition of the claim required under the first clause of section 186, to be made to administrator within one year, for the purpose of allowance, and the presentation of the demand to the court. also within one year, required in the second clause of section 186, are necessary preliminaries to this formal notice of intent to establish the claim. [Home Insurance Co. v. Wickham, supra; Britian v. Fender, 116 Mo. App. 93, 92 S. W. 179; Pfeiffer v. Suss, 73 Mo. 245.] If this exhibition to the administrator and presentation to the court (which are jurisdictional to the court to allow the claim, and to the administrator to pay it) are duly made within the year, then it has been held that the actual ten days' service of notice of intent to present the claim for allowance at the next term (as provided in sections 194 and 195) may, under section 196, be waived.

In other words, the claim in proper form is in the nature of a petition setting out the character and extent of the allowance asked; the exhibition and filing of it toll the special one-year Statute of Limitations (Waltemar v. Schnick's Estate, 102 Mo. App. 133, 76 S. W. 1053); while the notice of intent to present it for allowance at the next term performs the function of a summons (Dean ·v. Dean, supra), which, like any summons, may be waived; and which is waived by the administrator by his appearance in court on the merits even though the year has then expired. [Dean v. Dean, supra.] "If the claim was filed in the court within the time, it can make no difference as to when the court acted thereon." [Keys v. Keys, 217 Mo. 48, l. c. 65, 116 S. W. 537.]

The notice as to the nature of the claim, given in the present case to the administrator through the agency of the probate judge, was sufficient in form to comply with the first clause of section 194, but it did not state that same would be presented for allowance at the next regular or adjourned term of court. It is admitted in the record that no notice containing such statement was ever actually delivered to the administrator. Under the interpretation of the statute laid down in the case of Dean v. Dean, supra, the exhibition of the claim to the administrator and the filing of it in court, all within

one year, constituted a compliance with the requirements of sections 194 and 195 if the administrator waived the formal notice to which he was entitled under said sections. Such waiver may by section 196 be made in one of two ways; either by (1) written waiver, or (2) by appearance in court. No written waiver was made by the administrator in this case, and the jurisdiction of the court to allow the claim, if it exists, must rest upon his appearance in court to the merits.

The record shows that on February 10, 1927, in the probate court, "the hearing in regard to the claim of W. H. Van Wagner against the estate of Samuel C. Gold, deceased, set for this day is by agreement continued to Friday, February 18, 1927, at ten o'clock." The record does not show who appeared in the matter; but an "agreement" for continuance implies the presence of both parties, with nothing indicating a special appearance (which is first asserted in the hearing of February 18th).

On November 7, 1927, after the appeal to the circuit court, the minutes of that court show that "M. T. Slane, administrator, files entry of appearance and on the same date, the death of H. R. Camp, administrator, suggested."

Appellant's bill of exceptions recites that the trial was had on February 29, 1928, before the judge, "a jury by consent of all parties being waived." Administrator, by his attorneys, took part in the trial cross-examined witnesses and made numerous objections. At the close of the evidence administrator's attorney entered an oral demurrer in the following language:

"We file a general demurrer and stand on motion that the court is without jurisdiction for the reason that the claimant has not heretofore served a notice of the filing of the claim, as required by law, or presented in the Probate Court in the manner required by law and that was the only issue in the case. We don't care anything about those notes."

The administrator having entered his voluntary appearance on the only issue involved in the case (which we sustain the trial court in deciding against him) namely, as to the sufficiency of the exhibition of the claim to the administrator and of its presentation in the probate court, he must be held to have waived the formal ten days' notice provided for in section 195. [Stephens v. Bernays, 119 Mo. 143, 24 S. W. 46.] Aside from this it is inferable from the record, and not denied, that he entered his appearance to the merits in the probate court on February 10, 1927, when without protest or limitation he agreed to a continuance.

The claim having been duly exhibited and presented within the statutory one-year period, and its validity admitted or not denied, it follows that administrator's demurrer was properly overruled, and that the judgment of the circuit court was for the right party.

Appellant complains of the action of the trial court in rendering a general judgment for the principal and interest of the notes constituting the claim, which he alleges was erroneous, giving as a reason that the notes were not due. This point was not raised at the trial, nor in the motion for a new trial. It appears for the first time in his brief in this court, and is therefore not properly before us. [Fenn v. Reber, 153 Mo. App. 219, 132 S. W. 627.] The decisions which he cites in support of this contention do not sustain his point, even if it had been timely raised. The cases cited hold that if an obligation has not yet matured at the time the claim is allowed, but has definite maturity date, the court can allow and classify the demand, with interest after maturity, but with an order that no execution issue until after such maturity. [Cassatt v. Vogal, 94 Mo. 646, 8 S. W. 169; Empire Paving & Construction Company v. Prather's Adm'r, 58 Mo. App. 487.] The other cases which he cites (Binz v. Hyatt, 200 Mo. 299, and Tenny v. Lasley, 80 Mo. 664), involved claims which were of contingent or indefinite maturity, which raised the question as to the running of the Statute of Limitations. In the present case the notes, though not yet due when the claim was filed, had fully matured and were in default at the time of the judgment on February 29, 1928, and it was proper for the court to determine and adjudge the exact amount then due.

From the foregoing it follows that the judgment of the trial court should be affirmed. *Barnett, C.*, concurs.

PER CURIAM:—The foregoing opinion of Lee, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Bland* and *Arnold, JJ.*, concur; *Trimble, P. J.*, absent.